[No. 1965.   Decided October 21, 1895.]   .

THE CITY OF SPOKANE, *Appellant*, v. W. W. STEVENS
*et al., Respondents.*

LIMITATION OF ACTIONS — STATUTE APPLIES TO MUNICIPAL CORPORA-
TIONS.

. Under the statutes of this state imposing limitations upon the
commencement of actions, an action by a municipal corporation for
the foreclosure of a lien created by an assessment upon property for
street grading purposes must be commenced within two years after
the cause of action accrues.

. *Appeal from Superior Court, Spokane County.*

*W. H. Plummer*, for appellant:

In support of the proposition that the statute of
limitations in this state will not apply to municipal
corporations in proceedings of this kind, counsel cite

*Magee v. Commonwealth,* 46 Pa. St. 358; *Sims v. Frankfort,* 79 Ind. 446; *Vicksburg v. Marshall,* 59 Miss. 563; *District of Columbia v. Washington, etc., R. R. Co.,* 1 Mackey, 361; Dillon, Mun. Corp. §§ 667-669, 673, 675, 815; *Soule v. Seattle,* 6 Wash. 320.

*W. A. Lewis,* and *H. D. Crow,* for respondents:

To the effect that statutes of limitation apply to, actions by municipal corporations to enforce collection of taxes and assessments, counsel cite *Sargent v. Tacoma,* 10 Wash. 213; *St. Louis v. Newman,* 45 Mo. 138; *Mellinger v. Houston,* 68 Tex. 37; Wood, Limitations (2d ed.), § 53; Boone, Corporations, § 35; *San Francisco v. Jones,* 20 Fed. 190; *Burlington v. Burlington, etc., R. R. Co.,* 41 Iowa, 134; *Dickinson v. New York,* 92 N. Y. 585; *Cincinnati v. Evans,* 5 Ohio St. 594; *San Francisco v. Luning,* 73 Cal. 610; *State v. Mining Co.,* 14 Nev. 230; *Evans v. Erie County,* 66 Pa. St. 222; *Lane v. Kennedy,* 13 Ohio St. 42; *School Directors v. Georges,* 50 Mo. 194; *Gibson v. Chouteau,* 13 Wall. 92; *Atlanta v. Oran,* 121 Ill. 650; *Wheeling v. Campbell,* 12 W. Va. 44; *Varick v. New York,* 4 Johns. Ch. 53; *Knight v. Heaton,* 22 Vt. 482; *Richmond v. Poe,* 24 Grat. 149; *Jersey City v. State,* 30 N. J. Law, 521; *May v. School District,* 22 Neb. 205 (3 Am. St. Rep. 266); *Edwards v. Bates County,* 55 Fed. 436; *City of Pella v. Scholte,* 24 Iowa, 283 (95 Am. Dec. 229); *City of Ft. Smith v. McKibbin,* 41 Ark. 45 (48 Am. Rep. 19).

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the city of Spokane, a municipal corporation, for the purpose of foreclosing a lien created by an assessment for street grading, against the property of the respondents. The complaint was in the regular form and to it a demurrer was interposed, alleging, (1) that the complaint did

not state facts sufficient to constitute a cause of action against the defendants; and, (2) that this action was not commenced within the time limited by law.

With the view we entertain of the second proposition, it will not be necessary to discuss the first.

It is conceded by the appellant that, if the statute of limitations prevails, the contention of the respondents must be sustained; but it is insisted by the appellant that, the statute being silent with reference to the commencement of actions for the foreclosure of tax liens, its claim could only be barred by the lapse of time according to the common law. We think the statute cannot be so construed. The time for commencement of actions is provided for in the Code of Procedure by §§ 111 to 120, inclusive. The limitation on an action of this kind is not specifically provided for in any of the sections antecedent to § 120, but that section provides that:

"An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

Some cases are cited by the appellant to the effect that the statute of limitations will not apply to municipal corporations in proceedings of this kind. Whatever might be said of the weight of authority on that question under statutes less specific than ours, it seems certain to our minds that the provision of § 122, viz.: "the limitations prescribed in this act shall apply to actions brought in the name of the state or any county or other public corporation therein, or for its benefit, in the same manner as to actions by private parties," calls for no construction, and that it would be doing violence to the plain language employed in the statute to hold that a municipal corporation was not contemplated by said section.

To strengthen this idea, § 111 provides that:

"Actions can only be commenced within the periods herein prescribed, after the cause of action shall have accrued, except when in special cases a different limitation is prescribed by statute."

No different limitation having been prescribed by the statute for the commencement of actions of this kind, it would seem that further comment was unnecessary.

The judgment will be affirmed.

Hoyt, C. J., and Anders and Scott, JJ., concur.

Gordon, J., not sitting.