[No. 2351. Decided November 18, 1896.]

THE CITY OF BALLARD, *Appellant*, v. WEST COAST IM-
PROVEMENT COMPANY, *Respondent*.

ASSESSMENTS FOR STREET IMPROVEMENTS — ACTION BY CITY — LIMITA-
TIONS.

Where a municipal corporation has brought an action to foreclose
street assessments on the theory that they had been levied by a
duly organized and existing municipality, it cannot, in order to
avoid the bar of the statute of limitations to its action, assume the
position that its incorporation was void at the time of the levy of
the assessment, and that the statute did not begin to run against it
until the taking effect of a subsequent law validating the attempted
incorporation which had authorized the levy.

An action to foreclose a street assessment, not brought by the
city within two years of its delinquency, is barred by the statute
of limitations.

Appeal from Superior Court, King County. — Hon.
J. W. LANGLEY, Judge.   Affirmed.

*Elwood Harshman*, and *P. V. Davis*, for appellant.

*Donworth v. Howe*, for respondent.

The opinion of the court was delivered by

GORDON, J. — This action was commenced by the
appellant city to foreclose two street assessment liens
against the property of the respondent. Summons
was served on the 9th of August, 1894. The ordi-
nance under which the first assessment was laid was
passed and approved July 15, 1890, and the complaint
charges that the improvement was made between
August, 1890 and the 4th of June, 1891. The ordi-
nance under which the second assessment was laid
went into effect July 15, 1890, and the complaint
shows the improvement to have been made prior to
the second day of June, 1891.

. The answer of the defendant set up three independent defenses to each cause of action, one of such defenses being that the cause of action did not accrue within two years prior to the commencement of the action. From a judgment of dismissal, "without prejudice to whatever rights the plaintiff may have to make a re-assessment and to the laws relating to re-assessment," the city has appealed.

. The judgment appealed from recites that—

"The plaintiff in making its opening statement, stated by its counsel that the assessment alleged in the first cause of action in the complaint, *became delinquent on August 19, 1891,* and that the assessment stated in its second cause of action alleged in the complaint, *became delinquent on August 10, 1891,* whereupon it was agreed in open court by the counsel for the respective parties, that the question whether said action was barred by the statute of limitations should be determined by the court from said admission and from the files and records of the cause, and that no evidence should be introduced unless the court should adjudge that said action was brought within the time limited by law, and thereupon said cause was argued by counsel. .. . . The court now finds that this action was commenced more than two years after said dates of delinquency and more than two years after said several causes of action accrued, if in fact the same ever did accrue"—

and concludes that the causes of action were barred by the statute.

The appellant does not seriously contend that this ruling was incorrect, if it be ascertained that the city was legally incorporated at the time when the assessments were laid. The first affirmative defense set out in the answer is that the territory comprised within the corporate limits of the appellant city was incorporated in accordance with an act of the legislature of the

territory of Washington, approved February 2, 1888 (Laws 1887–8, p. 221); that thereafter, in accordance with the provisions of §§ 4, 5 and 6, of an act entitled " An act providing for the organization, classification and incorporation and government of municipal corporations and declaring an emergency," approved March 27, 1890 (Laws 1889–90, p. 131), the inhabitants took steps to re-incorporate. The former of these acts was held unconstitutional in *Territory, ex rel. Kelly, v. Stewart*, 1 Wash. 98 (23 Pac. 405), and the sections above mentioned of the latter act were likewise held unconstitutional by this court in *Town of Denver v. Spokane Falls*, 7 Wash. 226 (34 Pac. 926). This branch of the answer proceeded upon the theory that the assessments in question were illegal, inasmuch as the plaintiff was not legally incorporated. The reply

" denies each and every allegation [of said defense referred to] except that it admits that the City of Ballard, prior to the year 1890, was incorporated under and by virtue of and in accordance with the provisions of an act of the legislative assembly of the Territory of Washington . . . approved February 2d, 1888, and that thereafter in the year 1890, the said City of Ballard was incorporated under and by virtue of . . . an act . . . approved March 27, 1890."

The contention of appellant is that the causes of action set out in the complaint did not accrue until the taking effect of the act of the legislature of the state of Washington, approved March 9, 1893 (Laws 1893, p. 183), entitled, "An act to legalize and validate the incorporation or re-incorporation of towns and cities incorporated or re-incorporated under an act approved March 27, 1890," because at no time prior thereto was the appellant legally incorporated. For

the purposes of this case, this latter question must be determined upon the record which the parties have made. We think the contention of appellant can not be sustained. The action was not brought upon that theory. The first allegation of the complaint is "That at all times hereinafter mentioned, plaintiff was and *is now a* municipal corporation, *duly organized and existing* under and by virtue of the laws of the state of Washington," and it was not permissible for it to abandon that theory and to claim a recovery upon an inconsistent one.

The recital in the judgment already referred to is that it was admitted in open court that the assessment laid in the first cause of action became delinquent on *August 19, 1891,* and that stated in its second cause of action became delinquent on *August 10, 1891,* and the lower court was clearly right in holding that the action was barred by the statute. *Spokane v. Stevens,* 12 Wash. 667 (42 Pac. 123).

Affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.