[No. 2557.   Decided July 10, 1897.]

THE CITY OF SEATTLE, *Appellant*, v. FRED S. DE WOLFE *et al.*, *Respondents.*

ENFORCEMENT OF ASSESSMENT FOR STREET IMPROVEMENTS — LIMITA-
TION — REVIVAL OF BARRED ACTION.

Actions to enforce collection of assessments by foreclosure of the lien upon the property benefited were, prior to the passage of the act of March 20, 1895, prescribing a ten-year limitation, governed by Code Proc., § 120, which provides that " an action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

The act of March 20, 1895 (Laws 1895, p. 270), prescribing a ten-year limitation upon actions to enforce the collection of assessments for street improvements does not revive the right of action in cases where the bar of the former statute fixing a two-year limitation had become complete.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge.   Affirmed.

*John W. Pratt*, and *C. A. Riddle (John K. Brown*, of counsel), for appellant.

*R. B. Albertson, Bausman, Kelleher & Emory*, and *Struve, Allen, Hughes & McMicken*, for respondents.

The opinion of the court was delivered by

SCOTT, C. J.—This was an action to foreclose a lien for a street assessment.   The assessment had been levied under § 10 of the 1886 charter of the city of Seattle (Laws 1885-6, p. 243), and became delinquent on the 11th day of August, 1889.   A demurrer was interposed to the complaint on the ground that the cause of action was barred by the statute of limitations, which was sustained by the court, and judgment rendered for the defendants.   The city has appealed.

There was no allegation in the complaint that any steps had been taken to enforce the assessment prior to the commencement of this action in October last. The appellant first questions the holding of this court in *Spokane v. Stephens*, 12 Wash. 667 (42 Pac. 123), that the two year statute of limitations applied in such cases. We have had occasion to re-examine that decision prior to this action, in *Bowman v. Colfax*, recently decided, *ante*, p. 344, and have re-affirmed it, and are convinced of its soundness. The appellant further contends that the act of March 20, 1895 (Laws 1895, p. 270), prescribing a ten year limitation as to such actions, had the effect of reviving this cause of action, conceding that the two year statute did apply theretofore. We are of the opinion that it was the intention of the legislature to make that act apply to existing causes of action, and that it would apply to and continue all those where the bar of the former statute had not become complete. But that it was beyond the power of the legislature to revive such a cause of action as this where the bar was complete. *Packscher v. Fuller*, 6 Wash. 534 (33 Pac. 875), and authorities cited; Cooley, Constitutional Limitations (5th ed.), p. 449; Buswell, Limitations, § 14.

Nor do we think the case of *Campbell v. Holt*, 115 U. S. 620 (6 Sup. Ct. 209), is against that proposition as applied to these actions, if that case were to be followed, as that only applied to ordinary personal actions. In this connection the appellant also contends that the city had a right to enforce this assessment by a personal action in consequence of a provision in said section that, "Such assessments may be collected and such liens may be enforced by actions at law or suit in equity either in the name of the city of Seattle or of the officer or any contractor or contractors," etc., and that the two year limitation statute should at most only be held to apply to the personal action.

But that section contains the further provision that, " In any such action or suit, if it shall appear to the court on the trial thereof that the work has been done or material furnished in making improvements authorized by the council, for which under the provisions of this act special assessments may be levied, the court shall *decree against the premises* and in favor of the city or other proper party plaintiff," etc., and it is apparent that the clear intention of the act was to limit the right of recovery to the property upon which the assessment was made. We very much doubt whether a personal action could have been maintained, even though the section had attempted to authorize it, for the underlying idea sustaining such assessments is that the property has been benefited by the improvement. *German-American Savings Bank v. Spokane, ante,* p. 315.

It is upon that ground that the owner of the property is required to pay, and the idea that there could be a personal recovery, independent of the property, for a deficiency, or in the first instance, is utterly inconsistent therewith, and we are inclined to think that such a provision would be unconstitutional. See, also, *Seattle v. Yesler,* 1 Wash. T. 571, and authorities cited.

Upon that same line the appellant has also contended that, if there was a right to a personal action, even though that were barred under the two year statute, the lien would still survive, and authorities are cited upon that proposition, which, however, we will not examine as we have come to the conclusion that there was no right to a personal action under the provisions of the charter. Furthermore, even if there was, the action to foreclose the lien would have been barred under our holding in *Spokane v. Stephens,* for that was a foreclosure case. The plaintiff having had a right in this case to proceed against the prop-

erty only, and that right having been barred by the statute, we are clearly of the opinion that it was not in the power of the legislature to revive the right. There would be no safety in any other rule. After the bar of the statute became complete, the real estate in this improvement district, or a good deal of it, may have changed hands and now be owned by innocent purchasers for value. Certainly there could be no revivor of the lien as against them.

Affirmed.

ANDERS, REAVIS, GORDON and DUNBAR, JJ., concur.