[No. 14150. Department Two. September 22, 1917.]

DOUGLAS COUNTY, *Respondent*, v. GRANT COUNTY, *Appellant.*[1]

LIMITATION OF ACTIONS—APPLICATION OF STATUTE. An action by one county against a new county upon a liability created by a statute requiring the assumption of a proportionate share of the old county indebtedness falls within Rem. Code, § 165, prescribing a two-year limitation for all actions for relief "not hereinbefore provided for"; notwithstanding the indebtedness was in the nature of a specialty.

SAME—ACCRUAL—DEMAND. Where a demand was a prerequisite to commencement of an action against a county, the demand must be made within the statutory period for the commencement of the action, as the period cannot be prolonged by delay in making the demand.

SAME—TOLLING STATUTE—INJUNCTION. An injunction to prevent an unauthorized settlement of a liability of one county to another does not toll the statute of limitations as to an action to recover the amount due; and especially where the injunction was against the debtor and not against the creditor county.

Appeal from a judgment of the superior court for Grant county, Sessions, J., entered October 27, 1916, upon findings in favor of the plaintiff, in an action on a statutory liability, tried to the court. Reversed.

*C. G. Jeffers* and *William M. Clapp*, for appellant.

*John W. Hanna* and *O. R. Hopewell*, for respondent.

FULLERTON, J.—At its session in the year 1909, the legislature created the county of Grant out of territory then forming a part of the county of Douglas. The act provided that:

"The county of Grant shall assume and pay to the county of Douglas its proportion of the bonded and warrant indebtedness of Douglas county, in the proportion that the assessed valuation of that part of Grant county, lying within the present boundary of Douglas county, bears to the assessed valua-

[1] Reported in 167 Pac. 928.

tion of the whole of Douglas county. The adjustment of said indebtedness shall be based on the assessment for the year 1908: Provided, that in the accounting between the said counties neither county shall be charged with any debt or liability incurred in the purchase of any county property or the purchase of any county building which shall fall within or be retained by the other county." Laws 1909, p. 21, § 2.

The act went into effect on the date of its approval by the governor, namely, February 24, 1909.

The present action was brought by the county of Douglas to recover upon the liability created by the act. It was brought on June 27, 1913. In the complaint it is alleged that, at the time of the creation of the county of Grant, the bonded and warrant indebtedness of Douglas county was $25,000, no part of which was incurred in the purchase of any county building or in the purchase of any county property which fell within or was retained by Douglas county; that the assessed valuation of that part of the county of Grant lying within the whole county of Douglas, according to the assessment for the year 1908, was 61½ per cent, and that the amount justly due and owing from the county of Grant to the county of Douglas by reason thereof was $15,575; that a sworn claim had been presented therefor on May 26, 1913, which was rejected *in toto* by the county commissioners of the county of Grant. It was further alleged:

"That on the 26th day of April, 1909, one T. Claud Bennett, then auditor of Douglas county, and one J. H. Hill, then auditor of Grant county, made and entered into a purported agreement in which said agreement it was attempted, on the part of said auditors, to adjust the property rights between plaintiff and defendant but that such agreement was null and void and wholly without authority of law, and in violation of the rights of plaintiff herein and was so determined to be by the superior court of the state of Washington for Douglas county, and thereafter by the supreme court of the state of Washington on appeal by judgment made and entered by said supreme court on the 10th day of April, 1913."

The complaint concluded with an allegation that the sum of $15,375, with lawful interest, was justly due and owing from the county of Grant to the county of Douglas, and judgment was demanded for that sum.

A demurrer was interposed to the complaint by the county of Grant, on the ground, among others, that the action was barred by the statute of limitations. The demurrer was overruled, whereupon the county answered, setting up as one of its affirmative defenses a plea of the statute of limitations. A demurrer was interposed and sustained to the plea, and the action subsequently tried on the issues made by the other defenses, resulting in a judgment in favor of Douglas county for the amount demanded. The county of Grant appeals.

In its answer to the complaint, the county of Grant set forth a number of defenses in addition to the defense of the statute of limitations. These defenses we have not laid stress upon in our statement of the issues, for the reason that we have felt constrained to conclude that the latter defense is controlling. It may not be improper to remark, however, that in passing them it is not because we deem them without merit. On the contrary, our examination of the record has convinced us that some of them are worthy of serious consideration; we pass them because they become immaterial when it is once concluded that the right to maintain the action is barred by the statute of limitations.

Turning to the question we have found controlling, it must be remembered when considering it that, by express statutory provision (Rem. Code, § 167), the limitations prescribed for the commencement of actions "apply to actions brought in the name or for the benefit of a county . . . in the same manner as to actions brought by private parties," so that, if the statute is applicable at all, it is applicable to the present controversy, notwithstanding it is an action brought by one county against another.

While the point is not presented in the brief of counsel, it was suggested in the argument at bar that the statute of

limitations was without application. The suggestion is founded in the fact that the action is upon an obligation in the nature of a specialty, that is, one created by a special enactment of the legislature, and while the statute limiting the time within which actions may be commenced enumerates various causes of action, it does not include within the enumeration actions of this sort. But the suggestion overlooks the general provision contained in § 165. That section follows the specific enumeration and provides:

"An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

This section was quoted by the late Judge Dunbar in the case of *Citizens' Nat. Bank of Crawfordsville v. Lucas,* 26 Wash. 417, 67 Pac. 252, 90 Am. St. 748, 56 L. R. A. 812, with the comment that the legislature intended thereby "to provide a limitation for every kind of action that could be brought in the courts." Prior thereto we had held that an action to foreclose a lien created by a special assessment for a public improvement was barred unless the action was brought within two years after the cause of action accrued. *Spokane v. Stevens,* 12 Wash. 667, 42 Pac. 123; *Ballard v. West Coast Imp. Co.,* 15 Wash. 572, 46 Pac. 1055; *Bowman v. Colfax,* 17 Wash. 344, 49 Pac. 551; *Seattle v. De Wolfe,* 17 Wash. 349, 49 Pac. 553.

Obligations of the nature here considered are the creatures of statute, and are as much specialties as is the obligation at bar. Clearly, therefore, a statute that will bar the one will bar the other.

From the dates given, it will be seen that the cause of action accrued on February 24, 1909, that demand for payment was made on May 26, 1913, and that the action was brought on June 27, 1913. More than four years elapsed between the date of the accrual of the obligation and the date proceedings were instituted looking to its enforcement. This

was too late under the rule stated, unless some special reason exists for taking the particular case from without the rule.

One such reason suggested is that a demand was necessary to perfect the cause of action, and that the action was commenced within the statutory period after demand was made. There are cases which maintain the principle here involved, but we think that, even among these cases, the weight and better reasoned authority is that the demand must be made within a reasonable time, and that a reasonable time, in the absence of circumstances justifying or excusing the delay, is the statutory period, and that a demand made after the statutory period is too late. (See note to *Cook v. Carpenter*, 4 Ann. Cas. 728). Under this rule it would seem the bar has run against this action. But we have followed in our previous decisions another line of cases. We have held that, where demand or some other prerequisite is necessary to the institution of a cause of action, a party may not prolong the statute by failing or neglecting to take the necessary steps to perfect his cause of action. In *Spokane County v. Prescott*, 19 Wash. 418, 53 Pac. 661, 67 Am. St. 733, the action was against a county treasurer and his official bondsmen for a failure to account for county funds which the treasurer had received in the course of his services as such officer. The statute of limitations was pleaded as a defense to the action, and the county sought to overcome the effect of the plea by showing that it was under disability to commence the action, since it was obligated to obtain leave of the superior court to commence the action, and that the action was commenced within the statutory period after such leave had been obtained. We held this not to be a sufficient excuse, saying in the course of the opinion:

"The weight of authority and reason seems to be that when the respondent had the option at any time to obtain leave of court to bring its action, and did not ask for such leave, it cannot enlarge the statute of limitations by its own delinquency."

The same rule was announced in the cases of *Spinning v. Pierce County*, 20 Wash. 126, 54 Pac. 1006, and *Bennett v. Thorne*, 36 Wash. 253, 78 Pac. 936, 68 L. R. A. 113. The first was an action brought to recover sums wrongfully collected by the sheriff as commissioner on foreclosure sale and paid into the county treasury. To a plea of the statute of limitations, it was contended that demand for repayment was necessary as a prerequisite to the institution of the action, and that the action was brought within the statutory period after the demand had been made. The contention was disallowed, the court holding that the statute could not be prolonged by failure to make the necessary demand. *Bennett v. Thorne* was an action upon the superadded liability of stockholders of an insolvent bank. It was held that the liability of the stockholders arose on the insolvency of the bank, and that it was not within the power of the receiver of the bank to toll the statute of limitations by failing or neglecting to take the necessary step to perfect the cause of action. The appellant cites, as maintaining the contrary doctrine and overruling these cases in effect, the later case of *Green v. Spokane County*, 55 Wash. 308, 104 Pac. 510, 25 L. R. A. (N. S.) 31. But this case we think must have been misunderstood. It rests on an entirely different principle; namely, the pendency of another action which stayed the running of the statute. Of the foregoing cases only one, *Spinning v. Pierce County*, was cited in that case, and it was said not to be in point. Enough of the facts of the case and the ruling thereon were cited to show the inapplicability of the case, but the doctrine announced therein was in no sense disapproved.

Another reason for the contention that the running of the statute was stayed arises out of the following facts: After the organization of the county of Grant had been perfected under the act creating it, the auditor of that county met with the auditor of the county of Douglas and, purporting to act under §§ 3826 and 3827 of the code (Rem.), made an adjustment of the financial differences between the counties, in

which it was found that the county of Douglas was indebted to the county of Grant in the sum of $52,000; further finding that warrants upon certain specified funds should be issued to the county of Grant in payment thereof. Thereupon the county of Douglas began an action against its auditor and against the county of Grant seeking to have the adjustment set aside and the issuance of the warrants enjoined. The trial court determined the controversy in favor of the county of Douglas, and an appeal was taken to this court, where the judgment was affirmed. *Douglas County v. Grant County,* 72 Wash. 324, 130 Pac. 366. The remittitur was later sent down, and the respondent now claims that the time of the pendency of this action should be deducted in determining the period of the statute of limitations, and, so deducting such time, the statute has not run. But while it is true the statute provides (Rem. Code, § 172) that, when the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action, we cannot conceive that the right to commence the present action was in any manner stayed or otherwise affected by the injunction in the action mentioned. That was simply an injunction to prevent a settlement in an unauthorized method; it in no manner interfered with the right of the county of Douglas to proceed in a lawful way. Moreover, the action was commenced and prosecuted by Douglas county, and the injunction was against the county of Grant, not in favor of it. Clearly the action could not interfere with any remedy Douglas county should desire to invoke.

It is our conclusion that the right of the respondent to maintain the action is barred by the statute of limitations. The judgment is reversed, with instructions to enter a judgment in favor of defendant Grant county to the effect that plaintiff take nothing by its action.

ELLIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.