[No. 20141. Department One. January 6, 1927.]

GEORGE A. ROBINSON et al., Respondents, v. LEWIS COUNTY, Appellant.[1]

[1] LIMITATION OF ACTIONS (26)—PROCEEDINGS NOT SPECIALLY PROVIDED FOR—APPLICATION OF STATUTE. The liability provided by Rem. Comp. Stat., § 1160, in case a county or municipal corporation shall fail to take a contractor's bond for the protection of labor and materialmen's claims on public work, is a liability created by statute without any element of contract, and it is governed by § 165 of the statute of limitations relating to relief "not hereinbefore provided for" (TOLMAN, J., dissenting).

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered June 16, 1926, upon findings in favor of the plaintiffs, in an action on statutory liability, tried to the court. Reversed with directions to dismiss.

[1]Reported in 252 Pac. 143; 256 Pac. 503.

*Roberts & Skeel, Don G. Abel* and *J. H. Jahnke,* for appellant.

*Dysart & Ellsbury, Cosgrove & Terhune, Paul S. Dubuar, W. E. Bishop, O. A. Tucker, Hull & Murray* and *Forney & Ponder,* for respondents.

MAIN, J.—A number of persons who furnished material or labor to a contractor for the construction of a bridge in Lewis county brought separate actions against the county for the material or labor so furnished. In the superior court the actions were consolidated. The trial resulted in a judgment sustaining a recovery on the part of the claimants. From this judgment the county appeals.

On April 19, 1923, the county entered into a contract with one C. L. Graves for the purpose of the construction of a bridge over the Chehalis river. As the work progressed, the claimants, as stated, furnished labor or material. Graves defaulted and they were not paid.

Rem. Comp. Stat., § 1159 [P. C. § 9724], in part provides that, when a county or other municipality shall enter into a contract for the making of a public improvement, the contractor shall give a bond conditioned that he shall pay all labor and materialmen's claims, and that such persons shall have a right of action against the bond. Section 1160 [P. C. § 9726] provides that if the county or other municipal corporation shall fail to take such bond it "shall be liable to the persons mentioned in section 1159, to the full extent and for the full amount of all such debts so contracted by such contractor".

In the present case, the county took a bond from Graves, but it was not the statutory bond provided for, and in *Wallace Equipment Co. v. Graves,* 132 Wash. 141, 231 Pac. 458, it was held that the bond so taken

did not protect those furnishing material or labor that went into the construction of the bridge.

[1] The actions here involved were begun more than two years after the furnishing of the labor or material and less than three years. The question is whether the three year or the two year statute furnishes the limitation as to when an action may be instituted against the county when it has failed to take the bond required by statute. Rem. Comp. Stat., § 159 [P. C. § 8166], so far as here material, provides:

"Within three years,— . . . 3. An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument. . . . "

Section 165 [P. C. § 8172] provides:

"An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

It has been held by this court that the three year statute which covers the matter of commencement of actions upon a contract or liability, express or implied, refers only to contractual obligations. In *Suter v. Wenatchee Water Power Co.*, 35 Wash. 1, 76 Pac. 298, it was said:

"The term 'liability', used in said subdivision, was evidently intended to refer to a contractual liability. Such, in effect, was the decision in *Sargent v. Tacoma*, 10 Wash. 212, 215, 38 Pac. 1048. The same statute was so construed by the United States circuit court, district of Washington, in *Aldrich v. Skinner*, 98 Fed. 375, and also in *Aldrich v. McClaine*, 98 Fed. 378. The last named case was, on appeal to the United States circuit court of appeals, reversed. *Aldrich v. McClaine*, 106 Fed. 791. The reversal was, however, upon the ground that the liability involved was a contractual one, the lower court having held otherwise. The appellate court construed the statute itself as did the lower court. For similar construction, see *McGaffin v. City of Cohoes*,

74 N. Y. 387, 30 Am. Rep. 307, and *Thomas v. Union Pacific R. Co.,* 1 Utah. 235.''

In *Northern Grain & Warehouse Co. v. Holst,* 95 Wash. 312, 163 Pac. 775, it was said:

''In so far as this subdivision has been interpreted by this court or by the Federal courts, the word 'liability' is held to refer to a contractual liability, and not a liability growing out of a negligent act.''

From those cases it must follow that, unless the failure of the county in the present case to take the statutory bond created a liability in its nature contractual, there can be no recovery. As stated, the material and labor were furnished at the instance of the contractor. There was no liability on the part of the county to pay for the same in the absence of a statute creating it. The statute (§ 1160, *supra*) fixes such liability on the county only in cases where it has failed to take the bond required by § 1159. This is a liability created solely by the statute and has in it no element of contract. In *Oregon-Wash. R. & Nav. Co. v. Seattle Grain Co.,* 106 Wash. 1, 178 Pac. 648, it was said:

''A liability created by statute is one in which no element of agreement enters. It is an obligation which the law creates in the absence of an agreement.''

In principle, the present case cannot be distinguished from that of *Douglas County v. Grant County,* 98 Wash. 355, 167 Pac. 928. There Douglas county sought to hold Grant county on a liability created by statute and it was held that the action fell within § 165. In other words, that the two year statute was controlling: It was there said:

''While the point is not presented in the brief of counsel, it was suggested in the argument at bar that the statute of limitations was without application. The suggestion is founded in the fact that the action is upon

an obligation in the nature of a specialty, that is, one created by a special enactment of the legislature, and while the statute limiting the time within which actions may be commenced enumerates various causes of action, it does not include within the enumeration actions of this sort. But the suggestion overlooks the general provision contained in sec. 165. That section follows the specific enumeration and provides:

" 'An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued.'

"This section was quoted by the late Judge Dunbar in the case of *Citizens' Nat. Bank of Crawfordsville v. Lucas,* 26 Wash. 417, 67 Pac. 252, 90 Am. St. 748, 56 L. R. A. 812, with the comment that the legislature intended thereby 'to provide a limitation for every kind of action that could be brought in the courts.' Prior thereto we had held that an action to foreclose a lien created by a special assessment for a public improvement was barred unless the action was brought within two years after the cause of action accrued. *Spokane v. Stevens,* 12 Wash. 667, 42 Pac. 123; *Ballard v. West Coast Imp. Co.,* 15 Wash. 572, 46 Pac. 1055; *Bowman v. Colfax,* 17 Wash. 344, 49 Pac. 551; *Seattle v. De Wolfe,* 17 Wash. 349, 49 Pac. 553.

"Obligations of the nature here considered are the creatures of statute, and are as much specialties as is the obligation at bar. Clearly, therefore, a statute that will bar the one will bar the other."

It cannot be held that the failure of the county to take the bond from Graves as required by statute constituted an implied promise that the county would pay for the labor and material necessary to carry out the provisions of the contract. The act of the commissioners, if it had any effect in this regard, was to the contrary, because that body did take a bond, but, apparently through inadvertence, it was not the one required by statute. Cases such as *Jacobs v. Seattle,* 100 Wash. 524, 171 Pac. 662, and *State of Washington ex rel. McMillan v. Miller,* 108 Wash. 390, 184 Pac. 352,

are not in point, because in those cases the court held that the liability sought to be enforced was-contractual in its nature. In the present case, the liability being one created solely by the statute and in which no element of contract enters the two year statute was controlling.

It follows that the judgment entered in each case must be reversed, and the cause remanded with directions to the superior court to dismiss the action.

MITCHELL, FULLERTON, and HOLCOMB, JJ., concur.

TOLMAN, C. J., dissents.

## ON REHEARING.

[*En Banc.*   June 6, 1927.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the opinion heretofore filed herein. The judgment in each case is therefore reversed and the cause remanded with directions to the superior court to dismiss the action.