[No. 29066.   Department One.   November 16, 1943.]

THE STATE OF WASHINGTON *on the Relation of Cowlitz Mortgage Company, Appellant,* v. E. F. MILLARD, *et al., Respondents.*[1]

[1]Reported in 143 P. (2d) 304.

*Ronald Moore* (*Reynolds, Flegel & Smith,* of counsel), for appellant.

*Melvin C. Rooney* and *J. R. Callahan,* for respondents.

GRADY, J.—Some years ago, Diking Improvement District No. 5 of Cowlitz county was formed in accordance with the statutes then in effect. When the cost of the improvement made was determined, an assessment, payable in annual installments, was made, a part of which was apportioned to the county roads within the limits of the district. Bonds were issued and sold to provide funds for the making of the improvement. In subsequent years, assessments were levied to cover the cost of maintenance. Cowlitz county paid the assessments against the county roads for all years prior to 1931 and the maintenance assessments for all years up to and including the year 1934. No further assessments have been paid by the county.

The Cowlitz Mortgage Company is the holder of what is termed A, B, and C bonds of the district. On March 9, 1940, it brought an action in the superior court for Cowlitz county, praying that a writ of mandamus issue commanding the county, its commissioners and other officers, and the supervisors of the district, to take the steps provided by law to provide funds for the payment of the delinquent assessments against the county roads for the years 1931 to 1939, inclusive. An alternative writ of mandate was issued by the court, to which all the defendants responded by answer, which, after certain admissions and denials of allegations of the complaint, set up five affirmative defenses, but the only one presented to this court on appeal is that of the statute of limitations.

A trial had before the court resulted in the sustaining of the defense that the action was barred by the statute of limitations, and the dismissal of the action followed except as to the 1939 assessments; and, as to the payment of these assessments and the assessments for subsequent years, the peremptory writ of mandate was granted. The plaintiff ap-

peals from that part of the judgment of the court adverse to it, but no cross-appeal has been taken by the defendants.

It was the view of the trial judge, we gather from his memorandum opinion, that, as the assessments in question were by law made a general obligation of Cowlitz county, were not a lien on specific property, and were payable only by the exercise of its general power of taxation, they were debts of the county, and their collection was barred by Rem. Rev. Stat., § 165 [P. C. § 8172], commonly referred to as the two-year statute of limitations.

We held in *State ex rel. Keck v. Sunnyside,* 181 Wash. 511, 43 P. (2d) 621, 98 A. L. R. 741, that a drainage district assessment levied against a city is one of its general obligations, is not a lien on any specific property, and is payable only by the exercise of its general power of taxation, and it follows that the same rules are applicable to a diking district assessment against county roads in the district. Although diking assessments of the character involved here have the status of a debt against the county, the collection of that debt is, in effect, the collection of the assessment itself in so far as the time limitation within which such proceedings must be commenced is concerned, whether brought by the diking district or by one situated as is appellant.

█ In working out a plan for the assessment of property within a diking district benefited by the improvement made, it was necessary to recognize a distinction between lands privately owned and those publicly owned, such as public highways and the easements therefor. The legislature provided that the privately owned lands should be assessed and the assessment be a lien thereon. But the assessment, when made, does not become a personal obligation, or debt, of the landowner. In the case of public highways, it was not deemed good public policy to impress the land with a lien, so provision was made that public funds should be appropriated to pay that part of the total assessment apportioned to the public highways. Rem. Rev. Stat., §§ 4314, 4315, 4378 [P. C. §§ 1945-39, 1945-40, 1945-18]. This situation called for the adoption of the rule that the assessment apportioned

to public property becomes an obligation, or debt, of the city or county, as the case may be.

The respondents cite *Douglas County v. Grant County*, 98 Wash. 355, 167 Pac. 928, in support of their contention that the assessment in question is an obligation of the county created by statute, and, there being no specific statute fixing a limitation upon an action to recover it, the two-year statute applies.

When Grant county was created by the legislature out of a part of Douglas county, it was required to assume a part of the then bond and warrant indebtedness of Douglas county. An action at law was brought by Douglas county against Grant county to recover a judgment for the amount claimed to be owing. On appeal, it was held by this court that the two-year statute of limitations applied, and that the action was barred.

■ In the case at bar, the obligation, or debt, is entirely different. It is not one that existed and the county required by legislation to assume a part of it. A diking district was formed at the request of property owners. It was found that the county roads within its limits would be benefited by the construction of the improvement. The law contemplates that all the property in a diking district benefited shall bear the burden of the construction and maintenance costs, and this voices itself in the form of assessments upon the property. The part which would attach to certain lands were they not county roads does not become a lien thereon, but provision is made for its payment. The enforcement of the payment, if such has to be done, is the collection of an assessment just as much as is the collection of the remainder of the assessment; hence the statute of limitations applicable to the collection of an assessment applies.

■ The appellant contends that, as to some of the assessments, the action was timely brought because of the provisions of Rem. Rev. Stat. (Sup.), § 4439-2 [P. C. § 1945-86a], the pertinent part of which is as follows:

" . . . Certificates of delinquency for any assessment or installment thereof shall be issued upon demand and pay-

ment of such delinquent assessment and the fee for the same at any time after the expiration of twelve months after the date of delinquency thereof. In case no certificate of delinquency be issued after the expiration of four years from date of delinquency of assessments for construction costs, or after the expiration of two years from date of delinquency of assessments for maintenance or repairs, certificates of delinquency shall be issued to the county, and foreclosure thereof shall forthwith be effected in the manner provided in sections 11274 to 11298, inclusive."

The argument is that no right of action can accrue on the assessments for construction costs until four years after the date of delinquency and until two years after the date of delinquency of maintenance assessments. We find it unnecessary to decide whether the statute is applicable to this case for the reason that we are of the opinion that the present action is governed by chapter 182 of the Laws of 1907, p. 404 (Rem. and Bal. Code, § 7906):

"AN ACT prescribing the time within which actions shall be brought for the collection of special assessments for local improvements.

"*Be it enacted by the Legislature of the State of Washington:*

"Section 1. An action to collect any special assessment for local improvements of any kind against any person, corporation or property whatsoever, or to enforce any lien for any special assessment for local improvements of any kind, whether said action be brought by a municipal corporation or by the holder of any delinquency certificate, or by any other person having the right to bring such an action, shall be commenced within ten years after such assessment shall have become delinquent, or due, or within ten years after the last installment of any such special assessment shall have become delinquent or due when said special assessment is payable in installments."

The statute was a reenactment and enlargement of chapter 114 of the Laws of 1895, p. 270. (This latter statute, fixing a ten-year limitation upon the collection of special assessments, was enacted for the reason that this court had held that, as to them, the limitation period was two years.) By § 41, p. 468, of chapter 98 of the Laws of 1911 (Rem.

Rev. Stat., § 9394 [P. C. § 1029]), the legislature reenacted chapter 182 of the Laws of 1907 as to cities and towns, and purported to repeal both the act of 1895 and of 1907. At this term of court, we decided the case of *Cory v. Nethery,* *ante* p: 326, 142 P. (2d) 488, and held that such repeal was ineffectual because the title and scope of the 1911 act relate only to cities and towns and do not affect other assessment districts. The rules adopted in that case are controlling here.

In view of further proceedings in this case, we deem it proper to consider the question of the propriety of proceeding against the respondents by mandamus.

Cowlitz county is indebted to the diking district for unpaid assessments. Our statutes outline a procedure to be followed to provide money for the payment of the assessments. The county and its officers have declined to act. The diking district has taken no action to recover the amount of the unpaid assessments from the county. The appellant holds bonds which must be redeemed by the money derived from the collection of assessments. Under these circumstances, the appellant has no other course open to it than to invoke the jurisdiction of the court to compel those whose duty it is to create a fund out of which to redeem its bonds, and Rem. Rev. Stat., § 1014 [P. C. § 8187], provides a remedy by mandamus.

The judgment, in so far as it is adverse to the appellant, is reversed, and the case remanded for such further proceedings as to the trial court may seem proper with reference to the other questions raised in that court and not brought to this court on appeal.

SIMPSON, C. J., BEALS, BLAKE, and JEFFERS, JJ., concur.