[No. 37530.   Department Two.   September 30, 1965.]

NORMAN LYBECKER *et al., Respondents,* v. UNITED PACIFIC INSURANCE COMPANY, *Appellant,* McDONNELL SEED COMPANY *et al., Defendants.*[*]

[*]Reported in 406 P.2d 945.

*MacGillivray, Jones, Clarke & Schiffner, John D. Mac-Gillivray,* and *Paul F. Schiffner,* for appellant.

*Richard E. Dullanty* and *Dullanty & Fish,* for respondents.

WEAVER, J.—The sole question is whether a statute of limitations bars plaintiffs' claims for relief, as they apply to defendant-appellant United Pacific Insurance Company.

This is an action by four plaintiffs, Norman Lybecker, Corydon, Inc., Johnson Union Warehouse Company, Inc., and Cochran and Son Elevator. We will designate them hereafter as Lybecker, Corydon, Johnson and Cochran.

In 1959, McDonnell was a licensed "Commission Merchant and Credit Buyer" of agricultural products within the provisions of Laws of 1955, chapter 14 as amended by chapter 262. As a condition precedent to issuance of the license, defendant McDonnell, as principal, and defendant (appellant) United Pacific Insurance Company, as surety, executed and delivered to the State of Washington a bond in the sum of $5,000. The statute required that the bond

> shall be conditioned for faithful and correct accounting for, and handling of, agricultural products received, provide for the payment to the consignor or vendor of all money or things of value received for goods consigned. . . . The total liability of the surety upon the bond shall be limited to the face of the bond, and when claims by consignors or vendors exceed the face of the bond, recoveries under the bond shall be prorated. Laws of 1955, ch. 262, § 1(2), p. 1068.

The statute provided that an action on the bond may be brought by the state Director of Agriculture or a consignor

or vendor against the commission merchant and the surety for the amounts due the consignor or vendor. If recovery is by the Director of Agriculture, any sum collected is to be paid over "to the parties entitled thereto." Laws of 1955, ch. 14, § 20.12.040. "In such action, the court shall allow the consignor or vendor a reasonable attorney's fee." Laws of 1955, ch. 262, § 2, p. 1069.

Generally, farmers deliver crops to the commission merchant and the consignor, the farmer, may elect to receive payment for his crop at the market price any time thereafter.

October 13, 1960, defendant McDonnell filed voluntary bankruptcy. The trustee in bankruptcy is a party defendant.

### Lybecker Claim

March 23, 1959, plaintiff Lybecker, a farmer, entered into a *written* "Grower's Market Price Contract" with McDonnell, whereby McDonnell advanced seed for his 1959 crop of peas. Lybecker agreed to grow the crop and deliver it to McDonnell. The written contract provided:

> In consideration of the faithful carrying out of this agreement by me [Lybecker] . . . you [McDonnell] are to pay me for the crop delivered by me . . . the *market price* for such commercial crop . . . that is being offered by regularly established buyers of such crop . . . *on the day I select to receive payment* and which day shall not be earlier than the time the crop is delivered and *not later than December 15, 1959.* . . . Seed is to be paid for at time of settlement or Dec. 15, 1959 whichever is soonest. (Italics ours.)

Lybecker shipped his pea crop to McDonnell in the fall of 1959. A dispute arose between Lybecker and McDonnell over the market price of the crop. Not having been paid for the peas, Lybecker secured judgment in this action against McDonnell for $5,946.08.

### Corydon Claim

Plaintiff Corydon leased land to a tenant who, in turn, entered into a *written* "Grower's Regular Contract" with McDonnell. The *written* contract did not specify a payment

date. In August 1959, the tenant delivered his 1959 lentil crop to McDonnell. The tenant was paid for his share of the crop in September or October 1959. Payment for the landlord's share of the crop was not made; hence, Corydon's judgment in this action against McDonnell for $1,113.08.

### Johnson and Cochran Claims

In October and on November 3, 1959, plaintiff Johnson shipped two carloads of seed to McDonnell. Not having been paid, Johnson recovered judgment against McDonnell in the instant case for $1,421.04. The contract of sale was *oral*.

Cochran had an *oral* agreement to sell the 1959 crop to McDonnell. It was delivered November 19, 1959. Not having been paid, Cochran recovered judgment against McDonnell for $579.95.

### Judgment of the Trial Court

The trial court entered judgment against McDonnell in favor of plaintiffs upon their four claims for relief, as heretofore identified, for a total of $9,060.15. There is no appeal from this portion of the judgment.

Pursuant to the statute (Laws of 1955, ch. 262, § 1 (2), p. 1068, quoted *supra*), the trial court entered judgment against United Pacific Insurance Company (a) for $5,000, which it prorated among plaintiffs according to the amount of each claim, and (b) for $750 attorney fees. United Pacific Insurance Company is the sole appellant.

### Statutes of Limitation

The pivotal and crucial date is December 17, 1962—the date the summons and complaint were filed in the superior court. They were filed 2 days more than 3 years after the due date of December 15, 1959 set forth in the Lybecker contract.

As a matter of law, the trial court concluded that all four transactions were governed by the 3-year statute of limitations.[1]

---

[1]"Actions limited to three years. Within three years: . . . (3) An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument; . . . ." RCW 4.16.080(3).

This conclusion is based upon findings by the trial court (1) that the dispute between Lybecker and McDonnell over the market price of the crop

extended the time for payment on December 15, 1959, [set forth in the written contract] at least until December 31, 1959, the final due date for payment;

and (2) that there being no specific date set for payment for crops delivered by Corydon, Johnson and Cochran,

it was customary in the business and understood by the parties that payment was to be made some time after delivery of the products and on or before December 31st, 1959.

■ The first finding we deem erroneous. Mere pendency of a dispute over the market price would neither suspend nor extend the running of the statute of limitations, which commences to run against a cause of action from the time it accrues, or from the time the holder thereof has the right to apply to a court for relief. *Jones v. Jacobson*, 45 Wn.2d 265, 273 P.2d 979 (1954); *Ennis v. Ring*, 56 Wn.2d 465, 341 P.2d 885 (1959).

The claims of plaintiffs Lybecker and Corydon against McDonnell are based upon *written* contracts. The statute of limitations commenced to run against the Lybecker claim on December 15, 1959 and against the Corydon claim either at time of delivery of the crop or within a reasonable time after its delivery to McDonnell. Being based on written contracts, both claims are governed by the 6-year statute of limitations.[2]

Under any interpretation of the facts, action was commenced on the Lybecker and Corydon claims against McDonnell within the 6-year statutory period.[3]

---

[2] "Actions limited to six years. Within six years: . . . (2) An action upon a contract in writing, or liability express or implied arising out of a written agreement." RCW 4.16.040.

[3] Laws of 1965, Ex. Ses., ch. 157 adopts the Uniform Commercial Code, effective at midnight June 30, 1967. Section 2-725(1) thereof provides:

"An action for breach of *any* contract for sale must be commenced within *four* years after the cause of action has accrued. By the original

The challenge to the court's second finding, set forth above, as it applies to the Johnson and Cochran claims against McDonnell, need not be resolved by us. This appeal presents only the question of the liability of United Pacific on its $5,000 bond. The claims of Lybecker and Corydon, totaling $7,059.08, are sufficient to present the question. Further, plaintiffs state in their appellate brief that they

> have agreed among themselves as to the division of payment on the bond in the event of affirmation of the lower court's judgment, and it is not necessary to segregate the individual claims except that they must total $5,000.

Two relationships must be kept in mind. The first is the contractual relationship between plaintiffs and McDonnell. Insofar as the claims of Lybecker and Corydon, totaling $7,059.08, are concerned, they are governed by the 6-year statute of limitations. The second relationship is that existing between McDonnell and defendant-appellant, United Pacific Insurance Company. It, too, is represented by a written contract—the surety bond—which binds appellant in the sum of $5,000

> to be paid to the State of Washington for the benefit of all consignors and/or vendors having any cause of action against the principal [McDonnell].

When all of the factors are reduced to a common denominator, the argument of defendant-appellant is this:

1. There is no privity of contract between plaintiffs and defendant-appellant; its liability on the bond is a "liability created by statute."

agreement the parties may reduce the period of limitation to not less than one year but may not extend it." (Italics ours.)

The official comment in Uniform Laws Annotated, Uniform Commercial Code, to § 2-725(1), states:

"This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial record keeping period."

This would seem to apply a 4-year statute of limitations to both oral and written contracts for the sale of goods. See Cosway: "Sales—A Comparison of the Law in Washington and the Uniform Commercial Code." 36 Wash. L. Rev. 440 at 482 (1961).

2. A liability created by statute is governed by the 2-year "catch-all" statute of limitations, which provides:

Actions for relief not otherwise provided for. An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued. RCW 4.16.130.

3. Therefore, plaintiffs' actions are barred.

In *Oregon-Washington R. R. & Nav. Co. v. Seattle Grain Co.*, 106 Wash. 1, 178 Pac. 648 (1919), the court said:

A liability created by statute is one in which no element of agreement enters. It is an obligation which the law creates in the absence of an agreement.

*Cannon v. Miller*, 22 Wn.2d 227, 241, 155 P.2d 500, 157 A.L.R. 530 (1945), is illustrative of the decisions upon which defendant-appellant relies. Other cases are noted in the margin.[4] In *Cannon, supra,* employees brought actions against their employers under the provisions of the Federal Fair Labor Standards Act of 1938, which gave the employees a cause of action for underpayment of wages. The court said:

The phrase "liability created by statute" means a liability which would not exist *but for the statute.* (Italics ours.)

We need not quarrel with the authorities cited in support of the minor premise; the fallacy of the syllogism is in the major premise: the instant case does not involve a "liability created by statute" as heretofore defined and discussed by this court.

---

[4]*Noble v. Martin,* 191 Wash. 39, 70 P.2d 1064 (1937) (Action by depositors to enforce individual liability of officers of insolvent bank who knowingly accepted deposits after insolvency, as provided in Const. art. 12, § 12); *Douglas Cy. v. Grant Cy.,* 98 Wash. 355, 167 Pac. 928 (1917) (Special act making Grant County liable for Douglas County obligations); *Robinson v. Lewis Cy.,* 141 Wash. 642, 252 Pac. 143, 256 Pac. 503 (1927) (Statutory liability imposed upon municipal officials for failure to take a contractor's bond); *Heitfeld v. Benevolent & Protective Order of Keglers,* 36 Wn.2d 685, 220 P.2d 655, 18 A.L.R. 2d 983 (1950) (Statutory liability imposed upon dealers, winners, and gambling proprietors for amounts lost); but see *State ex rel. Bond v. State,* 59 Wn.2d 493, 368 P.2d 676 (1962).

It is true that a surety bond was a condition precedent to McDonnell securing a license, but the statute did not create McDonnell's liability to plaintiffs; that liability arose from contract. Nor does the statute purport to impose a liability on defendant-appellant. All the statute does, once McDonnell's liability is established, is to direct that defendant-appellant, as surety on its bond for McDonnell, should make payment for the benefit of all consignors and/or vendors having any cause of action against McDonnell. In other words, the statute does not create defendant-appellant's liability; it determines the method of payment of an obligation created by the express contract of defendant-appellant and McDonnell. The bond is contractual security for McDonnell's contractual obligation and collateral thereto. The plaintiffs are clearly third-party beneficiaries of the McDonnell-United Pacific contract. When a third-party beneficiary has a right to sue on a *written* contract made for his benefit, the 6-year statute of limitations applies. *Stover v. Winston Bros. Co.* 185 Wash. 416, 55 P.2d 821 (1936).

Further, it would be illogical and incongruent to have one statute of limitations apply to a principal and another to his surety when both obligations are founded on written contracts. In the circumstances of the instant case, defendant-appellant's obligation in the amount of its suretyship is coextensive with McDonnell's obligation.

Defendant-appellant's entire argument in support of its assignment of error directed to the court's allowance of attorney's fees is this:

> If the respondents [plaintiffs] are not entitled to recover against the appellant in this action, then it would naturally follow that the allowance of attorney's fees would be erroneous. Section 20.12.040, chapter 14 of the Laws of 1955.

Since we conclude that respondents are entitled to recover, appellant's contention falls. Laws of 1955, ch. 262, § 2, p. 1069.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH and FINLEY, JJ., and RYAN, J. Pro Tem., concur.