## SLANEY v. CROMWELL.
### No. 4191.

District Court, D. Massachusetts.
Feb. 20, 1930.

Sylvester M. Whalen and A. F. Christiansen, both of Boston, Mass., for plaintiff.

George L. Dillaway, of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is an action brought on the law side of the court to recover for loss of life at sea.

According to the allegations in her declaration, the plaintiff is administratrix of one George J. Slaney, who was a member of the crew of the schooner Henrietta, which was fishing on the fishing grounds in the Atlantic Ocean; Slaney was fishing from a "single dory" on the 13th day of March, 1929, about 18 miles south southeast of Highland Light on the coast of Cape Cod; by the direction and order of the captain of the schooner he had put out in his dory for a second time that day to continue the day's fishing; a heavy fog came up and shut off the view of the vessel from Slaney's dory; and, on account of the fog and his inability to locate the schooner, Slaney went astray, and his life was lost.

The declaration is in two counts—the first alleging that, through the carelessness and negligence of the defendant, his agents, servants, and employees in failing to keep in working order and condition the compressed air whistle, which was operated from the engine on the said schooner, so that the plaintiff's intestate could be informed of the position of the schooner, it was not possible to give the plaintiff's intestate any warning of the schooner's location.

The second count is based upon the negligent failure of the owner to properly supply the vessel with necessary and suitable equipment and appliance for keeping Slaney advised as to the location of the vessel in a heavy fog. In this count it is alleged that it was the duty of the defendant to furnish the plaintiff's intestate with a seaworthy vessel, not only with respect to her hull, but also to have on board of such vessel the necessary and proper equipment and appliances for the protection of his life and safety while employed as a member of the crew; that the defendant negligently failed to provide the necessary and proper equipment and appliances on board the vessel to enable the plaintiff's intestate to locate it in time of fog.

The suit is brought under section 33 of the Merchant Marine Act (Act of June 5, 1920, 41 Stat. 988, 1007, 46 USCA § 688), known as the Jones Act, and it is clear that the plaintiff has undertaken to set out in each count a cause of action grounded upon negligence; the first count alleging negligence of fellow servants, and the second count negligent failure of the defendant to provide proper and adequate appliances and equipment.

To this declaration the defendant has demurred. He now waives his demurrer to the first count, which charges negligence on the part of fellow servants, but he insists upon his demurrer to the second count. His contention is that the declaration sets out two distinct claims for the same loss of life, the first based on the negligence of the master or crew, and the second on defective and insufficient equipment, and that these claims are alternative and inconsistent and cannot be joined in an action under the Jones Act. If by this the defendant means that the declaration sets up two separate and distinct causes of action, I cannot agree. Only one actionable wrong is pleaded. There can be only one recovery for the loss of life, whether it resulted from the negligence of a fellow servant or the negligence of the owner in failing to provide safe and proper equipment. Baltimore Steamship Company v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 603, 71 L. Ed. 1069. The only difference between the two counts is that they describe different acts of negligence. This was consistent with good pleading under the Massachusetts practice. Moreover, she was bound to set out in this

action for damage every ground for negligence which she claims to have existed. Baltimore S. S. Co. v. Phillips, supra.

If, as I gather from the defendant's brief, it is also claimed that an action at law will not lie under the Jones Act for negligence resulting in death when the negligence consists of defective machinery, appliances, or equipment, in other words, when the vessel is unseaworthy, due to negligent acts or failures of the owner, then again I find myself unable to assent to the proposition. It is settled that under the Jones Act a seaman may recover for injuries received in the course of his employment resulting from the negligent failure of the owner to provide suitable and safe appliances or equipment. Panama Railroad Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748; Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813.

There is nothing in the text of the Merchant Marine Act that warrants a different conclusion when the action is to recover for the death of an employee, nor is there any reason, in principle, why a different rule should apply. That the limitation which the defendant would impose upon the scope of the Merchant Marine Act does not exist would seem to be plainly demonstrated in the language of the court in Baltimore Steamship Co. v. Phillips, supra, when Mr. Justice Sutherland, in dealing with the effect of the Merchant Marine Act, made this observation: "The effect by virtue of * * * that act (Federal Employers' Liability Act [45 USCA §§ 51–59]) is to give a right of action for an injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of the ship, as well as for an injury or death resulting from defects due to negligence, etc., and irrespective of whether the action is brought in admiralty or at law."

In a recent case there was a recovery under the Merchant Marine Act of 1920 by the personal representative of a deceased seaman, whose death was alleged to have been caused by the owner's negligence in providing an unfit lighting apparatus to be used by him in his work. This recovery was in the state court (239 N. Y. 590, 147 N. E. 208), but it was affirmed by the Supreme Court of the United States. Panama Railroad Company v. Vasquez, 271 U. S. 557, 46 S. Ct. 596, 70 L. Ed. 1085.

These adjudications would lead to the conclusion that the counts in the plaintiff's declaration are not for distinct inconsistent claims, and may properly be joined.

While I think that all grounds of negligence might well have been incorporated in a single count, still I do not believe the declaration, in its present form, is demurrable. With proper instructions at the trial, the rights of all parties will be fully protected.

The demurrer is overruled.