## MIKKELSON v. PACIFIC S. S. CO.
### No. 20436.

District Court, W. D. Washington, N. D.
Dec. 31, 1930.

Bundy & Swale, of Seattle, Wash., for plaintiff.

Bogle, Bogle & Gates, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above).

It is fundamental that the purpose of the Jones Act was to, and did, create a new rule for indemnity to injured seamen. Under the old rule the ship or its owner were liable for injury to a seaman in consequence of unseaworthiness of the ship "usually consisting of wages and the expense of maintenance and cure" (Panama Railway Co. v.

Johnson, 264 U. S. 375, 44 S. Ct. 391, 395, 68 L. Ed. 748), a contractual right (Pacific Steamship Co. v. Peterson, 278 U. S. 130, 49 S. Ct. 75, 73 L. Ed. 220); but there was no liability for injuries through the negligence of the master or members of the crew (The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760; Chelentis v. Luckenback Steamship Co., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171).

Section 33 of the Merchant Marine Act 1920 (Jones Act [46 USCA § 688]), by the new rule gave injured seamen through negligence rights given to railway employees by the Federal Employers' Liability Act (section 1 [section 51, title 45, USCA, section 8657, Comp. Stat.]). The old rule is invoked in admiralty and tried by the court, but, if he sues on the common-law side, there will be a trial by jury. Panama Railway Co. v. Johnson, supra, at page 391 of 264 U. S., 44 S. Ct. 391. The state and federal courts have concurrent jurisdiction, and no case entered in a state court of competent jurisdiction shall be removed to a court of the United States. Section 6 (section 56, title 45, USCA, section 8662, Comp. Stat.).

■ The instant charge is negligent failure to discharge an imposed duty by placing a guard to a dangerous, exposed appliance, which was the proximate cause of the injury. The action is grounded in negligence in failing to provide safe equipment, and negligent failure in performance of duty is actionable. Panama Railway Co. v. Johnson, supra; Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813. In the latter case the vessel was equipped with a defective pelican hook which was a necessary part of the chain lashing used in carrying cargo. The hook was not inspected and an observable flaw discovered. In the instant case the alleged dangerous appliance, it is charged, was open and obvious.

Mr. Justice Sutherland, for the court, in Baltimore Steamship Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 603, 71 L. Ed. 1069, said:

"The effect * * * of that act [Employers' Liability Act] is to give a right of action for an injury * * * resulting in whole or in part from * * * defects due to negligence, etc., and irrespective of whether the action is brought in admiralty or at law."

In Panama Railway Co. v. Vasquez, 271 U. S. 557, 46 S. Ct. 596, 70 L. Ed. 1085, the Supreme Court affirmed a judgment of the state court (239 N. Y. 590, 147 N. E. 208), where the injury was caused by the owner's negligence in providing unfit lighting appliances to be used by him in his work. A similar issue was determined in Slaney v. Cromwell (The Henrietta) 38 F.(2d) 304, 1930 A. M. C. 1001 (D. C.), where the court held negligent failure to equip a fishing vessel with whistle to advise fishermen sent out in dories as to location of the vessel in a heavy fog.

Section 1 of the Federal Employers' Liability Act, supra, gives right of action for injury, etc., for negligence of officers or agent, etc., of a ship, as well as for injury resulting from defects due to negligence, etc. Baltimore Steamship Co. v. Phillips (The West Cape), 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069, 1927 A. M. C. 946, supra.

■ Right is a legal consequence which applies to certain facts, and under the new rules a new right is created and based on negligence. Remedy is a procedure prescribed by law to enforce a right. The choice of remedy resulting in whole or in part from defects due to negligence—there being but one wrongful invasion—between admiralty and law, is given the seaman, and the court given power—jurisdiction—to inquire into the facts and apply the law, is fixed by the act (section 6, supra), and, when the action is brought in the state court, jurisdiction attaches, and this court cannot acquire jurisdiction by removal.

There is no element of cumulative remedy of wages, maintenance, and cure under the old rule for unseaworthiness in this case as in Pacific Steamship Co. v. Peterson, supra, where the seaman had acquiesced in being taken to the Marine Hospital, and the court at page 136 of 278 U. S., 49 S. Ct. 75, 76, said:

"If the plaintiff had demanded and received maintenance, cure and wages from the defendant this constituted an election which prevented him from thereafter maintaining a suit for compensatory damages under the statute."

In Keefe v. Matson Navigation Co. (The Malola), 46 F.(2d) 123 (D. C.) opinion filed this day, the remedy under the old rule is claimed. See, also, Petterson v. Standard Oil Co. (D. C.) 41 F.(2d) 219.

The motion to remand is granted.