527 P.2d 498

**Shirley C. TREIDER, Plaintiff-Appellee,**

v.

**DOHERTY AND COMPANY, a New Mexico corporation, and Dale Keyes, Defendants-Appellants.**

**No. 1351.**

Court of Appeals of New Mexico.

Sept. 18, 1974.

Rehearing Order, Sept. 27, 1974.

Certiorari Denied Oct. 11, 1974.

Richard B. Addis, Addis & Rawson, John W. Higgins, Albuquerque, for defendants-appellants.

John Jasper and Stephen Durkovich, Albuquerque, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Plaintiff Treider undertook to invest part of an inheritance in speculative, over-the-counter stocks. She selected Doherty and Company as a broker, who acted through the defendant Keyes. Keyes failed to mention to Ms. Treider certain facts about some of the stocks he sold to her. She sued under § 48–18–29(A), N.M.S.A.1953 (Repl. Vol. 1966) which states in pertinent part:

"  .   .   .  It is a fraudulent practice and unlawful for any person, in connection with an offer, sale or purchase of any security, directly or indirectly, to:

"  .    .    .    .    .    .    .

"make any false statement of material fact or to omit to state a material fact

necessary in order to make the statements made true in the light of circumstances under which they are made; . . . ."

The jury found for Ms. Treider and awarded her the purchase price and attorney's fees pursuant to § 48–18–31, N.M.S. A.1953 (Repl. Vol. 1966).

Defendants' appeal raises five points for reversal: (1) standard of proof; (2) agency; (3) remedies; (4) exclusion of an exhibit; and, (5) failure to direct the verdict. We affirm.

## THE STANDARD OF PROOF FOR VIOLATIONS OF § 48–18–29(A), SUPRA, SHOULD BE BY CLEAR AND CONVINCING EVIDENCE.

The legislature called the unlawful act under § 48–18–29(A), supra, "fraudulent." Defendants argue that the standard of proof for actual fraud, proof by clear and convincing evidence, is therefore the proper standard in this case. See Hockett v. Winks, 82 N.M. 597, 485 P.2d 353 (1971). The trial court, they say, erroneously instructed that the proof need only be by a preponderance of the evidence.

██ Fraud must be proven by clear and convincing evidence because it is an easily made charge that stains the person accused with a mark of dishonesty. Frear v. Roberts, 51 N.M. 137, 179 P.2d 998 (1947); Davis v. Commissioner of Internal Revenue, 184 F.2d 86, 22 A.L.R.2d 967 (10th Cir. 1950). In common law fraud the plaintiff must prove that the defendant intentionally deceived him. See Prudential Insurance Company of America v. Anaya, 78 N.M. 101, 428 P.2d 640 (1967) quoting from Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134 (1962). The present statute, however, does not necessarily place this onus of dishonesty on the defendant. The intent with which the defendant makes the statement is irrelevant under the terms of the statute. The statute requires only that the statement made be false and material, or that the omission be of a material fact necessary to make true the statement made. Since " * * *

the term 'fraud,' as used herein, is not the equivalent of 'actual fraud or conscious deceit' [the] * * * [q]uantum of proof requirements as to 'actual fraud' * * * are not controlling in this situation. * * *" Yucca Mining & Petrol. Co. v. Howard C. Phillips Oil Co., 69 N.M. 281, 365 P.2d 925 (1961). The trial court correctly instructed the jury that the standard of proof was by a preponderance of the evidence.

## SECTION 48–18–31, SUPRA, APPLIES TO THE BROKERS IN THE PRESENT CASE ONLY IF THEY WERE THE AGENTS OF THE SELLER.

Section 48–18–31, supra, imposes liability on, "[t]he person making such sale or contract for sale, and every director, officer, salesman or agent of or for such seller who shall have participated or aided in any way in making such sale, * * *." Defendants argue that the confirmation slips indicate they acted as agent for the seller in only four of the nine relevant transactions. There is no other evidence, they contend, that they were agents of the seller in the other five transactions.

██ Whether the evidence established that defendants were "agents of the seller" is irrelevant. The evidence does establish that defendant, Doherty and Company, through its agent, Keyes, acted as plaintiff's broker. The statute makes liable " * * * [t]he person making such sale. * * *" In common parlance a broker would describe himself as someone who makes sales. Defendants come within the liability provisions of § 48–18–31, supra. See Cady v. Murphy, 113 F.2d 988 (1st Cir. 1940), cert. denied, 311 U.S. 705, 61 S.Ct. 175, 85 L.Ed. 458 (1940).

## THE REMEDY UNDER § 48–18–31, SUPRA, IS NOT AVAILABLE FOR VIOLATIONS OF § 48–18–29(A), SUPRA.

██ Section 48–18–31, supra, states in part:

" . . . Every sale or contract for sale made in violation of any of the provisions of *this act,* or of any order is-

sued by the commissioner under any provision of this act, shall be voidable at the election of the purchaser. . . ." (emphasis added).

Defendants essentially contend: The words "this act" refer only to the original, unamended sections of the act; amendment or repeal and reenactment of those original sections takes the section out of the purview of the words "this act." Since § 48–18–29(A), supra, was repealed and reenacted, violations of that statute are not afforded the remedy set out in § 48–18–31, supra. We disagree.

The introductory section to Article 18 of Chapter 48 of the New Mexico Statutes states: *"This act shall be known as 'The Securities Act of New Mexico.'"* (emphasis added). Section 48–18–16, N.M.S.A. 1953 (Repl. Vol. 1966). Through several substantial revisions of Article 18, supra, the legislature did not revise or limit the applicability of this section. See Laws 1957, ch. 242; Laws 1959, ch. 171; Laws 1965, ch. 312. Section 48–18–29(A), supra, is part of the above-cited 1965 act. The title to the 1965 act reads: "An act relating to the sale of investment securities; * * * enacting new Sections 48–18–17 * * *, 48–18–29 * * *." Section 48–18–17, supra, is concerned with definitions "used in the Securities Act of New Mexico."

■ The reference to investment securities in the title of the 1965 act and the reference to the Securities Act in § 48–18–17, supra, establishes that the 1965 act is a part of the New Mexico Securities Act. Since § 48–18–31, supra, is also a part of that act, the remedies of § 48–18–31, supra, apply to violations of § 48–18–29, supra. Footnote statements to the contrary by the compiler are not controlling. See Besser Company v. Bureau of Revenue, 74 N.M. 377, 394 P.2d 141 (1964).

## DEFENDANTS' EXHIBIT C WAS ERRONEOUSLY EXCLUDED.

■ Defendants sought to introduce, as their exhibit C, a table purporting to show the stock transactions by plaintiff through Doherty and Company between 5/2/69 and 11/29/72, and various facts relating to those transactions. The trial court excluded the exhibit.

Defendants' exhibit U was admitted without objection. It was an exact copy of exhibit C except for three columns showing the price at which plaintiff sold her stock, the date the highest bid was received after plaintiff purchased the stock and the bid price.

The sale price was relevant, defendant argues, because the fact that plaintiff made money on some transactions with Doherty and Company diminishes her claim. We disagree. Plaintiff is entitled to void any sale entered into in violation of § 48–18–29(A), supra, regardless of the profits made on other sales. The sale price was irrelevant.

The high bid prices and dates were also irrelevant. Section 48–18–31, supra, affords plaintiff the remedy of voiding the transaction notwithstanding plaintiff's later delay in disposing of the stock.

The trial court properly excluded exhibit C.

## FAILING TO DIRECT A VERDICT USING THE CLEAR AND CONVINCING PROOF STANDARD WAS ERROR.

The essential thrust of defendants' final argument is the same as their first. The restatement is no more persuasive.

The judgment is affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.

## ON MOTION FOR REHEARING

Subsequent to the filing of the opinion in this cause plaintiff filed a motion for rehearing requesting attorney fees on appeal pursuant to § 48–18–31, N.M.S.A.1953 (Repl. Vol. 1966). Attached to the motion is a stipulation of the parties stipulating to

an attorney fee of one thousand dollars plus tax and costs. The stipulation is approved.

It is so ordered.