[No. 2640–3.   Division Three.   May 22, 1979.]

CLOE M. KITTILSON, *Appellant,* v. ROBERT L. FORD, ET AL, *Respondents.*

Roe, J., dissents by separate opinion.

*Thomas Milby Smith,* for appellant.

*R. Max Etter,* for respondents.

GREEN, C.J.—Plaintiff brought this action to recover damages arising from her purchase of securities from the defendants. Her complaint contains three causes of action based upon (1) a violation of the Securities Act of Washington, RCW 21.20; (2) a violation of the Consumer Protection Act, RCW 19.86; and as an alternative to the foregoing causes of action (3) a claim against defendant Kirkingburg alleging that by fraud and misrepresentation he had breached his fiduciary duty to her and that he was a constructive trustee of her moneys. A default judgment was entered for plaintiff against the defendant Ford; however, a summary judgment dismissing the complaint was entered in favor of the defendant Kirkingburg. Plaintiff appeals from this dismissal.

Three issues are presented: (1) Does the specific time limitation upon actions brought under the Securities Act of Washington apply to the other causes of action; or, is the second cause of action governed by the limitation provisions of the Consumer Protection Act and is the third cause of action governed by the general statute of limitation? (2) Was the defendant's activity "otherwise regulated," and, therefore, outside the scope of the Consumer Protection Act? and (3) Should certain amendments to the Securities Act of Washington and the Consumer Protection Act be applied retroactively?

Real–Tex Enterprises, Inc., is a Texas–based corporation engaged in the sale of real estate contracts. Defendant Ford was the Washington representative for Real–Tex, and defendant Kirkingburg acted as agent for Mr. Ford. Mr. Kirkingburg approached the plaintiff with the proposal that she purchase some of these contracts. As a result of his representations concerning the nature, quality, and security of such an investment, the plaintiff, an elderly widow, invested in excess of $35,000 in real estate contracts in June

1972 and in March 1973. After these purchases, Real–Tex Enterprises filed bankruptcy proceedings. She lost substantially all of her investment.

The underlying allegations of the plaintiff's complaint are that the real estate contracts were unregistered securities and their sale violated the Securities Act of Washington; the representations made to plaintiff by Mr. Kirkingburg were false and she relied upon those representations to her substantial detriment and loss; and finally, she is entitled to recover under the Securities Act of Washington and the Consumer Protection Act or, alternatively, against Mr. Kirkingburg for misrepresentation and fraud. Mr. Kirkingburg answered these allegations by, *inter alia,* generally pleading the statute of limitation. Subsequently, he moved for summary judgment. The affidavit in support of this motion states that plaintiff's last purchase occurred on March 1, 1973, more than 3 years prior to the commencement of this action on March 10, 1976. The securities act provided that actions for violations of the act must be brought no more than 3 years after the contract of sale.[1] Mr. Kirkingburg asserted that the securities act preempted the other causes of action, and therefore, plaintiff's action was barred and should be dismissed. In September 1977, the court granted the motion for summary judgment as to the causes of action alleging violations of the Securities Act of Washington and the Consumer Protection Act. Later, in November, plaintiff's cause of action based upon common–law fraud was dismissed. This appeal followed.

First, the plaintiff contends the court erred in dismissing her causes of action for violation of the Consumer Protection Act and for common–law fraud. She argues that the Consumer Protection Act action is governed by the specific

---

[1] RCW 21.20.430(3), Laws of 1967, ch. 199, § 2, p. 1003, provided in part: "No person may sue under this section more than three years after the contract of sale." The act was subsequently amended by Laws of 1977, 1st Ex. Sess., ch. 172, § 4, so as to allow an action to be brought within 3 years from the date of discovery of the violation of RCW 21.20.010. *See* footnote 12 for text of amended statute.

limitation provisions of that act, namely, RCW 19.86.120,[2] and that the general statute of limitation, RCW 4.16.080(4),[3] governs her cause of action for common–law fraud. On the other hand, it is Mr. Kirkingburg's position that when the legislature substantially adopted the broad–reaching Uniform Securities Act, it intended to preempt all other remedies previously available to an injured party to a securities transaction. Thus, he asserts that the limitation provision of the securities act controls and the trial court properly granted summary judgment. We disagree with Mr. Kirkingburg.

■ "The Securities Act of Washington, RCW 21.20, is patterned after and restates in substantial part the language of the federal Securities Exchange Act of 1934." *Clausing v. DeHart,* 83 Wn.2d 70, 72, 515 P.2d 982 (1973). Illustrative of numerous cases that have stated that the federal act is remedial and should be liberally construed to protect the public is *Tcherepnin v. Knight,* 389 U.S. 332, 19 L. Ed. 2d 564, 88 S. Ct. 548, 553 (1967); and *Securities & Exch. Comm'n v. Glen W. Turner Enterprises, Inc.,* 474 F.2d 476 (9th Cir. 1973); *see also State v. Williams,* 17 Wn. App. 368, 371, 563 P.2d 1270 (1977). Stated another way, the securities act was adopted to provide added protection and additional remedies for a largely uninformed public who might be victimized by the fraudulent sale of securities. The Securities Act of Washington admonishes that it shall be construed to effectuate its general purpose and in a

---

[2]RCW 19.86.120 provides:
"Any action to enforce a claim for damages under RCW 19.86.090 shall be forever barred unless commenced within four years after the cause of action accrues: . . ."

[3]RCW 4.16.080 reads:
"Within three years:
". . .
"(4) An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;"

manner which coordinates its interpretation and adminis-
tration with the related federal regulation. RCW 21–
.20.900.[4] Since we are here concerned with remedial legisla-
tion, we are guided by the principle that "remedial statutes
are liberally construed to suppress the evil and advance the
remedy." 3 C. Sands, *Statutes and Statutory Construction*
§ 60.01 (4th ed. 1973).

The adoption by the trial court of the defendant's posi-
tion is inconsistent with the liberal construction given the
act by the courts and does not square with the underlying
protective purpose of that act. Moreover, plaintiff's civil
remedy for fraud under the act is different, and, in some
ways, more restrictive than her potential choice of remedies
at common law. RCW 21.20.430[5] provides only for rescis-
sion of the transaction and the award of interest; or, if the
purchaser no longer has the security, he may recover dam-
ages in the amount of the purchase price less its value on
the date of the disposition, plus interest. The act does not
allow the purchaser to keep the security and recover dam-
ages as he may do in a common–law action for fraud or
misrepresentation. *McInnis & Co. v. Western Tractor &
Equip. Co.*, 67 Wn.2d 965, 967, 410 P.2d 908 (1966).
*Sigman v. Stevens–Norton, Inc.*, 70 Wn.2d 915, 921, 425
P.2d 891 (1967). On the other hand, the court may award

---

[4]RCW 21.20.900 provides:

"This chapter shall be so construed as to effectuate its general purpose to
make uniform the law of those states which enact it and to coordinate the inter-
pretation and administration of this chapter with the related federal regulation."

[5]RCW 21.20.430(1) states:

"Any person, who offers or sells a security in violation of any provisions of
RCW 21.20.010 or 21.20.140 through 21.20.230, is liable to the person buying the
security from him, who may sue either at law or in equity to recover the consider-
ation paid for the security, together with interest at eight percent per annum from
the date of payment, costs, and reasonable attorneys' fees, less the amount of any
income received on the security, upon the tender of the security, or for damages if
he no longer owns the security. Damages are the amount that would be recover-
able upon a tender less (a) the value of the security when the buyer disposed of it
and (b) interest at eight percent per annum from the date of disposition."

attorney fees under the act; whereas, attorney fees generally would not be allowed in an action based upon common-law fraud or misrepresentation.

▮▮ In view of the difference between the statutory remedy and the common-law remedy, there is no reason why the two causes of action cannot coexist. *See Detwiler v. Glavin*, 377 Mich. 1, 138 N.W.2d 336, 339 (1965). Indeed, it would be incongruent with the protective purpose and remedial nature of the securities act to hold that the act restricted a defrauded plaintiff to the remedy contained therein. We think that the legislature intended to provide additional remedies to a plaintiff, not to eliminate existing remedies compatible with the act. Those other remedies continue to be governed by their own statutes of limitation. Consequently, we hold that the trial court erred in applying the limitation provisions of the securities act as a bar to the plaintiff's second and third causes of action.[6]

▮ Second, the plaintiff argues she has a viable cause of action for violation of the Consumer Protection Act. The question presented by this argument is whether the defendant's activity was "otherwise regulated" within the meaning of RCW 19.86.170. Prior to its recent amendment,[7] that statute read:

---

[6]Defendant's remaining arguments for a contrary result are not persuasive. He contends that the court should apply the securities act limitation period because the act deals specifically with fraud in the sale of a security, while RCW 4.16.080 applies to fraud actions in general. We recognize the rule that a specific statute will prevail over a general statute where the statutes *deal with the same subject matter* and are in conflict. *See Stephens v. Stephens*, 85 Wn.2d 290, 296, 534 P.2d 571 (1975). However, we have held that the securities act does not preempt other remedies available to a defrauded plaintiff. Thus, the statutes in question do not deal with the same subject, but with two distinct causes of action.

The defendant also relies upon *State v. PUD 1*, 83 Wn.2d 219, 517 P.2d 585 (1973), for the proposition that statutes clearly designed as a substitute for the prior common law must be given effect. No such clear design is reflected in the securities act. As stated previously, the remedial nature of that legislation suggests a contrary interpretation. *Baum v. Murray*, 23 Wn.2d 890, 896, 162 P.2d 801 (1945), may be distinguished on a similar basis.

[7]RCW 19.86.170 now provides:

Nothing in this chapter shall apply to actions or transactions otherwise *permitted, prohibited or regulated under laws administered by* the insurance commissioner of this state, the Washington utilities and transportation commission, the federal power commission or . . . *any other regulatory body* or officer acting under statutory authority of this state or the United States: . . .

(Italics ours.) In *Dick v. Attorney General,* 83 Wn.2d 684, 688, 521 P.2d 702 (1974), the court stated that the Consumer Protection Act applies if the particular practice found to be deceptive is not regulated, even though the business is regulated generally. Here, the particular acts of the defendant which the plaintiff claims caused her injury were specifically regulated by the securities act. The securities act imposes civil and criminal penalties on persons selling unregistered securities not exempted from registration under the act. *See* RCW 21.20.400.[8] The version of the securities act in effect at the time of this lawsuit also provided for a private cause of action under the act for fraud or misrepresentation.[9] Successful plaintiffs are awarded

---

"Nothing in this chapter shall apply to actions or transactions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of this state, the Washington utilities and transportation commission, the federal power commission *or actions or transactions permitted by any other regulatory body* or officer acting under statutory authority of this state or the United States: . . ." (Italics ours.)

[8]RCW 21.20.400 reads:

"Any person who wilfully violates any provision of this chapter except RCW 21.20.350, or who wilfully violates any rule or order under this chapter, or who wilfully violates RCW 21.20.350 knowing the statement made to be false or misleading in any material respect, shall upon conviction be fined not more than five thousand dollars or imprisoned not more than ten years, or both; but no person may be imprisoned for the violation of any rule or order if he proves that he had no knowledge of the rule or order. No indictment or information may be returned under this chapter more than five years after the alleged violation."

[9]RCW 21.20.430, Laws of 1974, 1st Ex. Sess., ch 77, § 11, p. 165 read:

"(1) Any person, who offers or sells a security in violation of any provisions of RCW 21.20.140 through 21.20.220 and 21.20.230, or offers or sells a security by means of fraud or misrepresentation is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at eight percent per annum from the date

reasonable attorneys' fees, costs, and interest from the date of the sale. RCW 21.20.430(1).[10] Therefore, the instant sales were "otherwise regulated" and the Consumer Protection Act does not apply. The fact that plaintiff's action is barred under the securities act does not change this result.

Third, the plaintiff urges the court to apply the amendments to RCW 19.86.170 and RCW 21.20.430 retroactively to her case. In 1974, the legislature amended RCW 19.86.170,[11] so that only those practices which are otherwise *permitted* by a regulatory body escape Consumer Protection Act coverage. Practices which are *prohibited* or *regulated* by regulatory bodies may now be the subject of an action under the Consumer Protection Act. In 1977, the legislature amended RCW 21.20.430[12] to provide a statute of limitation of 3 years from the date the plaintiff discovers, or reasonably would have discovered, a violation of RCW 21.20.010. If these amendments are applied to plaintiff's

---

of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security . . ."

[10]See portion of statute quoted at footnote 9.

[11]See statute quoted at footnote 7.

[12]RCW 21.20.430(4)(b), as amended in 1977, reads:
. "No person may sue under this section more than three years after the contract of sale for any violation of the provisions of RCW 21.20.140 through 21.20-.230, or more than three years after a violation of the provisions of RCW 21.20.010, *either was discovered by such person or would have been discovered* by him in the exercise of reasonable care." (Italics ours.)
RCW 21.20.010 provides:
"It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly:
"(1) To employ any device, scheme, or artifice to defraud;
"(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
"(3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person."

case, she may proceed with her causes of action under the Consumer Protection Act and under the securities act.

▮▮ Statutes which affect a remedy are generally applied retroactively, *Haddenham v. State*, 87 Wn.2d 145, 148, 550 P.2d 9 (1976), while statutes which affect vested rights operate prospectively only. *Hammack v. Monroe St. Lumber Co.*, 54 Wn.2d 224, 230, 339 P.2d 684 (1959). The *Hammack* court defined "right" as "a legal consequence which applies to certain facts." A remedy is a "procedure prescribed by law to enforce a right." *Hammack v. Monroe St. Lumber Co.*, supra at 231, quoting *Mikkelson v. Pacific S.S. Co.*, 46 F.2d 124, 125 (W.D. Wash. 1930). In *Hammack,* the court found that an amendment to the workmen's compensation act, which provided an injured workman with an election to take under that title or seek a remedy against the negligent third party, gave the workman a new cause of action based on negligence. Hence, the court refused to apply the amendment retroactively. Similarly, the amended version of RCW 19.86.170 provides a claimant with the right to proceed against persons previously outside the scope of the Consumer Protection Act, and, therefore, its application is prospective only.

▮ We also decline to apply retroactively the longer statute of limitation found in the amended version of the securities act. After a right is barred by an existing statute of limitation, the court will not construe subsequent legislation so as to remove the bar or revive the cause of action unless by the plain terms of the subsequent legislation or by necessary implication it is apparent the legislature intended retroactive application. *Lane v. Department of Labor & Indus.*, 21 Wn.2d 420, 423, 151 P.2d 440 (1944); *Seattle v. de Wolfe,* 17 Wash. 349, 49 P. 553 (1897); Annot., *Construction of Statutes of Limitations as Regards Their Retrospective Application to Causes of Action Already Barred*, 67 A.L.R. 297, 309–11 (1930).

Accordingly, we affirm the summary judgment dismissing the plaintiff's actions under the securities act and the Consumer Protection Act, but reverse the summary judgment which dismissed her common–law action.

McINTURFF, J., concurs.

ROE, J. (dissenting)—The securities act is broad and comprehensive. I believe it was intended to govern all transactions and remedies in that field, including the transaction here. Accordingly, I dissent, since the action is barred by the time limitation of the act.

Reconsideration denied June 20, 1979.

Appealed to Supreme Court July 24, 1979.