[No. 46378. En Banc. March 20, 1980.]

CLOE M. KITTILSON, *Respondent*, v. ROBERT L. FORD, ET AL, *Appellants*.

224

*R. Max Etter,* for appellants.

*Thomas Milby Smith* and *Michael Perrizo,* for respondent.

DOLLIVER, J.—This case is before us on appeal as a matter of right. *See* Laws of 1979, ch. 102, § 1(e), p. 397. Plaintiff brought this action against Ford and defendant Kirkingburg alleging (1) a violation of The Securities Act of Washington (Securities Act), RCW 21.20; (2) a violation of the Consumer Protection Act, RCW 19.86; and, in the alternative, (3) a claim against defendant Kirkingburg

based on common–law fraud. Although a default judgment was entered for plaintiff against defendant Ford, the court granted the motion of defendant Kirkingburg for summary judgment on all three causes of action.

The Court of Appeals affirmed the summary judgment dismissing the Securities Act and Consumer Protection Act causes of action, but reversed (2 to 1) the dismissal of the common–law fraud action. *Kittilson v. Ford,* 23 Wn. App. 402, 595 P.2d 944 (1979). We affirm the Court of Appeals and adopt its opinion as the opinion of this court. While there is no reason to reiterate the particular facts, issues and points of law involved, an issue raised by defendant in the motion for reconsideration to the Court of Appeals must be considered.

■ The Court of Appeals based its view that the Securities Act, RCW 21.20, did not preempt the common–law action for fraud on the differences between the remedies in the two actions. Defendant, on the other hand, argues the requirements for both statutory and common–law causes of action are identical and thus there is a preemption. Specifically, defendant points to *Ludwig v. Mutual Real Estate Investors,* 18 Wn. App. 33, 567 P.2d 658 (1977). In *Ludwig,* the Court of Appeals held that the terms "fraud" and "misrepresentation" as used in RCW 21.20.430(1) should be given their common–law meaning and that since, under common–law requirements, scienter is required as an element of the cause of action (*see Sigman v. Stevens–Norton, Inc.,* 70 Wn.2d 915, 425 P.2d 891 (1967)), it is also required in an action for fraud or misrepresentation under the Securities Act. We disagree and overrule this holding of *Ludwig v. Mutual Real Estate Investors, supra. See* Comment, *Unlawful Securities Transactions and Scienter: An Emasculating Requirement,* 1 U. Puget Sound L. Rev. 366 (1978); Comment, *Securities Fraud Under the Blue Sky of Washington,* 53 Wash. L. Rev. 279 (1978).

*Ludwig* based its holding on *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 47 L. Ed. 2d 668, 96 S. Ct. 1375 (1976), which interpreted section 10(b) of the Securities Exchange

Act of 1934 and rule 10b–5 of the Securities and Exchange Commission. The Supreme Court said in *Ernst & Ernst,* at page 195:

> Section 10 of the 1934 Act makes it "unlawful for any person . . . (b)[t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Rule 10b–5 of the Securities and Exchange Commission is identical to RCW 21.20.010 except for references to interstate commerce, the mails and the facility of any national securities exchange. The Supreme Court held the language "manipulative and deceptive" of section 10(b) "clearly connotes intentional misconduct" and found the same result from an examination of legislative history. *Ernst & Ernst,* at 201. Since rule 10b–5 is derivative and cannot extend the power granted the Securities and Exchange Commission by Congress, the court refused to allow the rule to extend the scope of the statute. The court did concede, however, that:

> Viewed in isolation the language of subsection (b), and arguably that of subsection (c) [of rule 10b–5], could be read as proscribing, respectively, any type of material misstatement or omission, and any course of conduct, that has the effect of defrauding investors, whether the wrongdoing was intentional or not.

*Ernst & Ernst,* at 212.

We believe the holding in *Ernst & Ernst v. Hochfelder, supra,* inapplicable to our Securities Act. First, the "manipulative or deceptive" language of section 10(b) of the 1934 act is not included in the Washington act. Secondly, in contrast to the federal scheme, the language of rule 10b–5 is not derivative but is the statute in Washington. Finally, no legislative history similar or analogous to congressional legislative history exists in Washington.

RCW 21.20.900, the statutory policy section of the Securities Act reads:

This chapter shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it and to coordinate the interpretation and administration of this chapter with the related federal regulation.

 The coordination of the federal courts with federal regulations does not require imitation by this court in construing our act, only that our construction not interfere with the federal scheme. *Shermer v. Baker,* 2 Wn. App. 845, 472 P.2d 589 (1970). No contention is made either in *Ludwig* or by defendant that not requiring scienter would interfere with the federal scheme.

RCW 21.20.900 contains the further requirement that the act should be construed so as to make state laws uniform. The only other case discussing an unlawful transaction provision is *Treider v. Doherty & Co.,* 86 N.M. 735, 527 P.2d 498 (1974). The New Mexico provision is in all pertinent particulars identical to RCW 21.20.010. In *Treider,* the New Mexico Court of Appeals construed the statute and said:

The intent with which the defendant makes the statement is irrelevant under the terms of the statute. The statute requires only that the statement made be false and material, or that the omission be of a material fact necessary to make true the statement made.

*Treider,* at 737. The interpretation of RCW 21.20.010 first announced in *Shermer* is the better rule. The legislature has not seen fit to disturb it and neither do we.

The Court of Appeals is affirmed.

UTTER, C.J., ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, and HICKS, JJ., and LOY, J. Pro Tem., concur.