## 21253

The STATE of South Carolina, *ex relatione,* Daniel R. McLEOD, Attorney General, Respondent, v. Loeb RHOADES, Hornblower & Company; Hornblower & Weeks-Hemphill, Noyes, Inc.; Hornblower & Weeks-Hemphill, Noyes (a partnership); Hornblower, Weeks, Noyes & Trask, Inc.; John Bean; Gus N. Trakas; Robert Tobey; Thor Kolle; Nicholas Kicidis; and George McDowell, Appellants.

(267 S. E. (2d) 539)

*James C. Parham, Jr.,* and *Henry L. Parr, Jr.,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Victor S. Evans, Asst. Attys. Gen. James W. Johnson, Jr.* and *L. Kennedy Boggs* and *Staff Atty. Grady L. Patterson, III,* Columbia, *for respondent.*

June 19, 1980.

HARWELL, Justice:

The Attorney General commenced this action alleging that the defendants violated the South Carolina Unfair Trade Practices Act ("UTPA"), §§ 39-5-10, *et seq.*, S. C. Code Ann. (1976), by "unfair and deceptive acts or practices" in connection with the public offering and sale of the stock of Cartridge Televisions, Inc., from July, 1971 to July, 1973. The appellants, all of the named defendants with the exception of Thor Kolle, demurred to the complaint. The lower court overruled the demurrer. We reverse.

Appellants contend that the complaint fails to state a cause of action because it is based entirely on the UTPA and each cause of action alleged in the complaint arises from "actions or transactions" regulated by and "permitted under laws administered by" the United States Securities Exchange Commission or the Securities Commissioner of the State of South Carolina. These actions allegedly cannot form the basis of a cause of action under UTPA because Section 39-5-40(a) of that act exempts them.

The UTPA, also commonly known as "The Little FTC Act", makes, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful. Section 39-5-20(a), S. C. Code Ann. (1976). The quoted language is lifted directly from Section 5(a)(1) of the Federal Trade Commission Act. "It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to § 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended." Section 39-5-20(b), S. C. Code Ann. (1976).

The General Assembly made clear that the UTPA is not applicable to certain actions or transactions otherwise permitted by law. Section 39-5-40 provides in pertinent part:

"Nothing in this article shall apply to: (a) Actions or transactions permitted under laws administered by any regulatory body or offices acting under statutory authority of this state or actions or transactions permitted by any other South Carolina State Law."

This court has never before construed the language of Section 39-5-40(a). Appellants urge upon us the view that the securities transactions involved in this case cannot be subject to the general UTPA provisions since each alleged action is subject to regulation by both the Securities and Exchange Commission pursuant to the 1934 Securities Exchange Act, 15 U.S.C. § 78a, *et seq.* (1970) and under the South Carolina Uniform Securities Act, § 35-1-10, *et seq.* S. C. Code Ann. (1976). The respondent, on the other hand, contends that alleged unfair or deceptive acts or practices cannot fall within the exemption under the guise of permitted acts or transactions.

Among the states which have enacted unfair trade practice type legislation, the Supreme Court of Rhode Island has had occasion to construe the statutory exemption language as it applies to securities transactions.[1] We quote from *State v. Piedmont Funding Corp.,* 382 A. (2d) 819 (R.I. 1978):

". . . The sale of securities within the state of Rhode Island is permitted only when conducted in accordance with § 7-11-1 *et seq.* The sale of securities in interstate commerce is permitted only under the rules and regulations promulgated pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* (1970), which is administered by the SEC. After the seller obtains permission of registers to engage in the activity of selling insurance or mutual funds in Rhode Island, he is subject to monitoring the regulation by the ap-

---

[1] Rhode Island's exemption Statute is very similar to § 39-5-40, S. C. Code Ann. (1976). The Rhode Island Statute provides as follows:

"Exemptions.—Nothing in this chapter shall apply to actions or transactions permitted under laws administered by the department of business regulations or other regulatory body or officer acting under statutory authority of this state or the United States."
Rhode Island Gen. Laws 1956, § 6-13.1-4.

propriate regulatory agency or officer. Therefore, in the case at bar, because the conduct at issue was clearly subject to the control of governmental agencies on both the state and federal level, it is within the exemption provision and not subject to the mandates of the Act.

"When the party claiming exemption from the Act shows that the general activity in question is regulated by a 'regulatory body or officer' within the meaning of § 6-13.1-4, the opposing party in this case the state of Rhode Island, then has the burden of showing that the specific acts at issue are not covered by the exemption. . . ."

We believe this is the appropriate test to govern the applicability of our exemption statute to securities transactions.

In ths action, appellants have shown that the transactions complained of are regulated by the Securities and Exchange Commission and under the South Carolina Uniform Securities Act. Violation of these regulations subjects an offender to liability. We, therefore, believe that securities transactions fall within the exempton provided at Section 39-5-40. Initially the burden is on the party seeking the exemption to demonstrate its applicability. Once the exemption is demonstrated, the complainant must then show that the specific act in question does not come within the exemption. The respondent here has not met the burden of showing that the specific acts alleged do not fall within the exemption. We conclude that the demurrer should have been granted since no cause of action was stated.

Because of our disposition of the aforementioned issue, we need not reach the appellants other contentions of error.

Accordingly, the order of the lower court, is reversed and the action dismissed.

Lewis, C. J., and Littlejohn, Ness and Gregory, JJ., concur.