60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SHEARSON LEHMAN BROTHERS INC., Plaintiff-Apellee,
v.
Herbert Leslie GREENBERG, Defendant- Appellant.
 No. 93-55535.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 3, 1995.
 
 Before: GIBSON,* HUG, and POOLE, Circuit Judges.
 
 
 1
 Ben Suter, Julie Taylor, Keesal, Young & Logan, San Francisco, CA, for Shearson Lehman Brothers, Inc.
 
 
 2
 Herbert Leslie Greenberg, pro se.
 
 
 3
 MEMORANDUM**
 
 
 4
 Appellant Greenberg appeals pro se the district court's summary judgment in favor of Shearson Lehman Brothers, Inc., in a lawsuit brought by Greenberg alleging misleading business practices and unfair competition by Shearson in violation of Cal. Bus. & Prof. Code Sec. 17200. We review the district court's grant of summary judgment de novo, Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994), and we affirm.
 
 I.
 
 5
 This action was initiated in California state court, but was subsequently removed to federal district court. The district court did not err in its assumption of subject matter jurisdiction in the case, and we likewise review such a decision de novo. Nike, Inc. v. Comercial Iberica De Exclusivas, 20 F.3d 987, 990 (9th Cir. 1994).
 
 
 6
 Appellant fallaciously maintains that the district court lacked jurisdiction because the $50,000 amount in controversy required for diversity jurisdiction was not met by each and every member of the general public, on whose behalf Greenberg has brought this suit. His argument relies almost exclusively on Snow v. Ford Motor Co., 561 F.2d 787 (9th Cir. 1977), which elucidated the principal that distinct individual claims may not be aggregated. However, Snow is easily distinguished from the instant case, because it applied the principle of non-aggregation only to class action cases. See Snow, 561 F.2d at 789 ("[I]n a class action brought under Fed. R. Civ. P. 23 (b)(3), plaintiffs may not aggregate....").
 
 
 7
 Despite Appellant's attempts to portray his claim as a type of class action, he is misguided. This case is not a class action, and it does not possess any of the defining characteristics of a class action. Greenberg has never attempted to certify a class, nor has he even sought to join in his action any actual customers of Shearson. In the absence of a finite group of class members who each assert separate and distinct claims, Snow is not controlling. This is a private attorney general action, and there is no authority to suggest that such a claim should be treated as a class action for purposes of determining whether the jurisdictional amount has been satisfied.
 
 
 8
 In valuing the amount in controversy, the $50,000 threshold has been met under the test set out in Ridder Bros. v. Blethen, 142 F.2d 395, 398-99 (9th Cir. 1944). Shearson has aptly demonstrated that the damage it would suffer in complying with any injunction would far exceed $50,000. Greenberg's claim that Ridder Bros. has been effectively overruled is without merit. Ridder Bros. is only superseded to the extent that it is inconsistent with Snyder v. Harris, 394 U.S. 332 (1969). Snow, 561 F.2d at 790 n.5. Because the plaintiff's viewpoint rule espoused in Snyder is applicable only to class actions, it is Ridder Bros. rather than Snyder which controls this claim.
 
 
 9
 Thus, the district court properly asserted diversity jurisdiction over this claim.
 
 II.
 
 10
 Regarding the merits of this case, the district court did not err in determining that Cal. Bus. & Prof. Code Sec. 17200 is inapplicable to securities transactions. In interpreting the California statute, we follow the trend set by the vast majority of other jurisdictions that have considered this question, and hold that California's "Baby FTC Act" was not intended to apply to security transactions.[1]
 
 
 11
 The California Baby FTC Act is remarkably similar to the Hawaiian Baby FTC Act, which we have held does not apply to security transactions. Spinner Corp. v. Princeville Dev. Corp., 849 F.2d 388 (9th Cir. 1988). There is nothing to suggest that the primary intent of the California legislature in enacting this act was any different from the primary intent of the Hawaiian legislature, which "was to protect consumers from unethical business practices resulting in relatively small commercial injuries." Id. at 391.
 
 
 12
 The few jurisdictions which have held contrary to this view are distinguishable in that the legislative histories of several acts clearly demonstrate that the states intended their Baby FTC Acts to be applied expansively. See Corbin v. Pickrell, 667 P.2d 1304 (Ariz. 1983); Denison v. Kelly 759 F.Supp. 199 (M.D. Pa. 1991). In contrast, there is no such legislative history suggesting that the California legislature anticipated the expansive reading of Sec. 17200 that Greenberg asks of the court. The scope of the Unfair Business Practices Act was only to "include anything that can properly be called a business practice and that at the same time is forbidden by law." Bank of the West v. Superior Court, 2 Cal.4th 1254, 1266 (Cal. 1992). Greenberg has asserted no behavior by Shearson which would legitimate this claim under the auspices of Sec. 17200.
 
 
 13
 In fact, it seems likely that Sec. 17200 is preempted entirely by federal securities laws. See 15 U.S.C. Sec. 78bb. It is reasonable that Baby FTC Acts should not apply "'to securities transactions which were already subject to pervasive and intricate regulation under the....Securities Act of 1933, and the Securities and Exchange Act of 1934."' Spinner, 849 F.2d at 393 (quoting Lindner v. Durham Hosiery Mills, Inc., 761 F.2d 162, 167-68 (4th Cir. 1985)).
 
 
 14
 Lastly, it is questionable whether Appellant even has standing to pursue these claims because he is not a Shearson customer. Even if he had appropriate standing, however, his claim for injunctive relief violates the Commerce Clause of the United States Constitution.
 
 
 15
 Appellant's complaint seeks to use a state statute to impose a nationwide permanent injunction against Shearson activities until it changes its business practices, including altering its internal account forms, the format of its monthly statements, and its communications with its customers. These are not local decisions; they necessitate decision-making at the national level, which for Shearson would take place in Delaware or New York, not in California. Thus, this action seeks to directly regulate interstate commerce, and is therefore unconstitutional. See Edgar v. Mite Corp., 457 U.S. 624 (1981).
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 At least 16 other jurisdictions which have considered whether investment securities are within the scope of their consumer protection statutes have come to a similar conclusion, holding that claims based upon securities violations are not within the ambit of the statutes. See, e.g., Spinner Corp. v. Princeville Dev. Corp., 849 F.2d 388 (9th Cir. 1988) (Hawaii law); Smith v. Cooper, 846 F.2d 325 (5th Cir. 1988) (Louisiana law); Swenson v. Engelstad, 626 F.2d 421 (5th Cir. 1980) (Texas Law); Nichols v. Merill Lynch, Pierce, Fenner & Smith, 706 F.Supp. 1309 (M.D. Tenn. 1989) (Tennessee law); Morris v. Gilbert, 649 F.Supp. 1491 (E.D.N.Y. 1986) (New York law); Robertson v. White, 633 F.Supp. 954 (W.D. Ark. 1986) (Arkansas and Oklahoma law); In re Catanella, 583 F.Supp. 1388 (E.D. Penn. 1984) (New Jersey law); Taylor v. Bear Stearns & Co., 572 F.Supp. 667 (N.D. Ga. 1983) (Georgia law); Russell v. Dean Witter, 510 A.2d 972 (Conn. 1986) (Connecticut law); Cabot Corp. v. Baddour, 477 N.E.2d 399 (Mass. 1985) (Massachusetts law); State v. Piedmont Funding Corp., 382 A.2d 819 (R.I. 1978) (Rhode Island law); Skinner v. E.F. Hutton, 333 S.E.2d 236 (N.C. 1985) (North Carolina law); State ex rel McLeod v. Rhoades, 267 S.E.2d 539 (S.C. 1980) (South Carolina law); Kittilson v. Ford, 595 P.2d 944 (Wash. Ct. App. 1979), aff'd, 608 P.2d 264 (Wash. 1980) (Washington law); see also, Melinda R. Smolin, "Investment Securities: Beyond the Scope of California's Consumers Legal Remedies Act?" 25 Loyola L. Rev. 127, 153 (Nov. 1991)