**DAR SA, a Bahamian corporation,
Plaintiff—Appellee,**

v.

**JLA NORDSTJAERNA, a business
trust, Defendant,**

and

**David L. Johnson; et al., Defendants—
Appellants.**

**No. 04–35361.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 2, 2006.*

Decided May 24, 2006.

Irving Alan Sonkin, Esq., Sonkin &
Schrempp, PLLC, Mercer Island, WA, for
Plaintiff-Appellee.

David L. Johnson, Barboursville, WV,
pro se.

Karen S. Johnson, Barboursville, WV,
for Defendants–Appellants.

Before: REINHARDT, MCKEOWN,
and CLIFTON, Circuit Judges.

MEMORANDUM **

David and Karen Johnson appeal pro se
the district court's judgment in favor of
Dar SA in its action alleging securities
fraud under Washington law. Dar SA
cross appeals for attorneys' fees for de-
fending the appeal. We affirm the district
court's judgment.

The court did not err as a matter of law
in applying Washington's securities law,
because the court was not required to find
that David Johnson engaged in coercion or
pressure in order to find him liable under
the statute. *See* RCW 21.20.010; *see also
Haberman v. Washington Public Power
Supply System,* 109 Wash.2d 107, 744 P.2d
1032, 1051 (1987); *Kittilson v. Ford,* 93
Wash.2d 223, 608 P.2d 264, 266 (1980).
Nor was it clear error for the court to
conclude as a matter of fact that Johnson
was liable under the statute, for the record
is replete with evidence of his active in-
volvement in this fictional investment
scheme, including evidence of a negotiated
commission for his participation.

The Johnsons' evidentiary objection to
the admission of the Washington Depart-
ment of Financial Institutions consent or-
der was not raised in the district court and
therefore the argument was waived. *See*
Federal Rule of Evidence 103(a)(1). Even
if the Johnsons had not waived the argu-
ment, the court acted within its discretion
under Federal Rule of Evidence 803(8)(c).
Further, the Johnsons' factual claim that
the court misinterpreted the order is with-
out support in the record.

The general equitable defense the John-
sons raise on appeal, based upon Duncan's
unclean hands vis-a-vis his investors, is
unavailable under Washington securities
law. *See Go2Net, Inc. v. Freeyellow.com,
Inc.,* 126 Wash.App. 769, 109 P.3d 875, 881
(2005). The court's statements in the oral
opinion pertaining to Duncan's culpability
do not undermine the court's holding on
David Johnson's liability.

Finally, the Johnsons' claim of inade-
quate representation fails because they
were not entitled to be provided counsel in

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

defending this civil case. *See Lassiter v. Dep't of Social Services,* 452 U.S. 18, 25, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). Moreover, they were in fact represented by counsel throughout the proceedings prior to trial.

Having thus prevailed on appeal, Dar SA is entitled to attorneys' fees incurred in defending the appeal under RCW 21.20.430. We remand to the district court for calculation of fees. *See Garretson v. Red–Co Inc.,* 9 Wash.App. 923, 516 P.2d 1039, 1043 (1973).

**AFFIRMED; REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.